## HARLEY v. RAILROAD COMPANY.

At a place where the general stock law, which prohibits cattle from being permitted to roam at large, is then of force, a railroad company is not required to use the same care and caution in running its trains, as in localities where such law is not in force; and the trial judge erred in refusing a request so to charge.

Before NORTON, J., Colleton, October, 1888.

This was an action by T. W. Harley against the Eutawville
Railroad Company to recover damages for a cow killed by defen-
dant's running train, at a time when, and a place where, the gen-
eral stock law was of force.    The evidence showed that the rail-
road company owned the land on which its track was laid at that
point, and that plaintiff's land was not adjacent.

*Messrs. Murphy, Howell & Farrow,* for appellant.

*Messrs. Fishburne & Tracy* and *J. S. Griffin,* contra.

June 25, 1889.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The action below was an ac-
tion by respondent against the defendant to recover damages for
certain stock alleged to have been negligently killed by defend-
ant company, to wit: a cow alleged to have been run over by
the locomotive of defendant and killed.    The verdict was for the
plaintiff, and the defendant has appealed upon several exceptions
which will be found in the "*Case.*"    Only one of these exceptions,
however, has been pressed here, and that is as follows: The
defendant requested his honor to charge: "That where the stock
law is in force, the defendant is not required to use the same care
and caution as in localities where such law is not in force."    It
is stated that his honor unqualifiedly refused this request.

It seems to have been in evidence that the stock law was in
force where the cow was killed, or at least it is stated that in the
course of the trial it was found that the general stock law was of
force at that point.    Therefore what effect it should have upon
the question of negligence, which was the gist of the action, was
a material matter, bearing upon the effort of the defendant to
remove the *prima facie* presumption of negligence arising upon
the mere fact of the killing.    We think, therefore, that the re-
quest was an appropriate request, and the Circuit Judge was in
error to refuse it.    And inasmuch as this court has several times
had this matter under consideration, we deem it unnecessary to do
more than to refer to the following cases, where this question was
discussed and adjudged: *Simkins* v. *Railroad Company,* 20 S.
C., 258 ; *Joiner* v. *Railroad Company,* 26 *Id.,* 49 ; *Jones* v.

*Railroad Company*, 20 *Id.*, 249; and *Molair* v. *Port Royal &
Augusta Railway Company*, 29 *Id.*, 159.   Under these cases it
was error in the Circuit Judge to overrule defendant's request.

It is the judgment, therefore, of this court that the judgment
of the Circuit Court be reversed.