DAVIS v. THE FLORIDA CENTRAL AND PENINSULAR R. R.

STOCK LAW—NEGLIGENCE—THE RULE IN DANNER'S CASE has not been modified by the fact of the stock law being in force, but that fact is a circumstance which the jury can take into consideration in passing on the question of negligence.

Before BUCHANAN, J., Hampton,          1895. Affirmed.

Action by J. J. Davis against the Florida Central and Peninsular Railroad Company, for damages for killing two mules. Judgment for plaintiff. Defendant appeals.

*Messrs. C. J. C. Hutson* and *James Moore*, for appellant,

cite: 31 S. C., 152; 20 S. C., 258; 26 Id., 49; 20 Id., 249; 29 Id., 159; Rev. Stat., 1288; 31 S. C., 519.

*Mr. W. S. Tillinghast*, contra, cites: 31 S. C., 152; 29 S. C., 160.

July 28, 1896.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This is a suit for damages for the negligent killing of two mules by the defendant company, while operating a train of cars in Hampton County, over the South Bound Railroad.  The jury found a verdict for $300.  The defendant appeals.  The only exception pressed before this Court is as follows: "Because his Honor refused to charge the jury the following, as requested by the defendant's attorney: "That where the stock law is in force, the defendant is not required to use the same care and caution as in localities where such law is not in force." This request was not unqualifiedly refused.  His Honor charged the jury as follows: "I am requested to instruct you that, where the stock law is in force, the defendant is not required to use that same care and caution as in localities where such law is not in force.  I cannot charge that in the language in which it is here.  I charge you this: That, as said by the Supreme Court recently, that Danner's case, the presumption of negligence, the mere finding of cattle killed by a railroad, being a rule of evidence showing negligence, the *prima facie* defense of negligence has not been modified by the fact of the stock law being in force, but the Supreme Court says, significantly, that that is a circumstance which the jury can take into consideration.  So I charge that, modified that way."  The charge under consideration is set out in the case as quoted above.  There seems, however, to have been some mistake in the hearing, reporting or printing of this charge.  Appellant's counsel, with great fairness, conceded in their argument that the presiding Judge charged, after the preliminary words above, as follows: "I charge you this: that, as said by the Supreme Court recently, that (the rule in) Danner's case, the presumption of

negligence (arising from) the mere finding of cattle killed by a railroad, being a rule of evidence showing negligence * * * has not been modified by the fact of the stock law being in force, but the Supreme Court says, significantly, that this is a circumstance which the jury can take into consideration." The first part of this charge is supported by *Jones* v. *Columbia & Greenville R. R. Co.*, 20 S. C., 249, which holds that the rule in Danner's case is not affected by the statutes relating to fencing stock, and the latter part of the charge is consistent with *Molair* v. *Railway Co.*, 29 S. C., 160, where Chief Justice McIver, delivering the opinion, uses this language: "While it is quite true that the (stock) law does not operate as a license to railroad companies to kill stock or cattle straying upon their tracks, passing through enclosed lands, and does not exempt them from liability for negligently killing such animals, yet, for the very good reason suggested in the case of *Simkins* (20 S. C., 258), it is an element to be taken into account in considering the question of negligence." The Circuit Judge, therefore, while upholding the rule in Danner's case, allowed the jury to take into consideration the stock law as a circumstance in the determination of the question of negligence. In *Harley* v. *Railroad Company*, 31 S. C., 152, where the refusal of such a request to charge was held error, it appeared in the evidence that the stock law was in force when the cow was killed, which made such charge material, and the refusal to charge was unqualified. In this case, so far as the record shows, there was no evidence that the stock law was in operation where the mules were killed, and the Circuit Judge practically gave the defendant the benefit of the principle of law contended for. There was, therefore, no error.

The judgment of the Circuit Court is affirmed.