### 6632

### LANGSTON v. COTHRAN.

1. TRANSACTION WITH DECEDENT.—After introduction of deed from deceased father to son, the son may testify he bought the land from his father and paid him for it.

2. IBID.—That a decedent was in possession of land when he made the conveyance to witness is not a *transaction* between the witness and the deceased.

3. No EXCEPTION can be taken to admission of evidence without objection.

4. EVIDENCE.—TAX RECEIPTS are admissible to show the party. paying taxes claimed the land.

5. CHARGE—ADVERSE POSSESSION.—Failure to charge a request embodying the doctrine of title by adverse possession against co-tenant is not error where there is no evidence that defendant claims from common ancestor with plaintiff.

6. ADVERSE POSSESSION.—One in possession of land may disclaim title at *one time* and afterward acquire title by adverse possession by holding adversely for the statutory period, thereafter.

7. TITLE.—Posession of land alone is sufficient to raise the presumption that such possession is rightful, and it is incumbent on those alleging it is unlawful to establish that fact.

8. CHARGE—ADVERSE POSSESSION.—Where the answer denies title in plaintiff and sets up title by presumption of a grant, it is proper to refuse to charge defendant claims by. adverse possession alone.

9. IBID.—TITLE.—The words excepted to added to a request to charge, if plaintiff has shown good title to the land she is presumed to be the owner, are only explanatory and do not change the proposition.

10. CHARGE.—Instruction to which there is no evidence applicable is not error, unless it be shown it was prejudicial to appellant.

Before PURDY, J., Greenville, June Term, 1906. Affirmed.

Action by Elizabeth Langston against John Cothran *et al.* From judgment for defendants, plaintiff appeals, on the following exceptions:

I. "That his Honor, the presiding Judge, erred in allowing the witness, T. O. Cooley, one of the defendants, to testify, against the objection of the plaintiff, as to transactions between the said witness and the deceased, John J. Cooley, said testimony being inadmissible under section 400 of the Code of Procedure.

II. "That his Honor erred in allowing the witness, John T. Cooley, one of the defendants, to testify, against the objection of the plaintiff, as to transactions between the said witness and John J. Cooley, deceased, said testimony being inadmissible under section 400 of the Code, and to testify that the said John J. Cooley was 'in possession' of the land in dispute at the times designated by the witness, the question of possession being one of law in this case.

III. "That his Honor erred in allowing the witness, John C. Cothran, one of the defendants, to testify, against the objection of the plaintiff, to transactions between the said witness and John J. Cooley, deceased, said testimony being inadmissible under section 400 of the Code.

IV. "That his Honor erred in admitting in evidence, against the objection of the plaintiff, tax receipts of John J. Cooley, deceased, without any proof whatever that they referred to the land in dispute.

V. "That his Honor erred in refusing to charge the jury, as requested by plaintiff's counsel, as follows: 'That if the jury believe that John J. Cooley went into possession of the

land in question as one of the heirs at law of Hiram Cooley, then he could not as a matter of law hold adversely to the other heirs without giving them unequivocal notice of such claim; and if the jury further believe that he gave no such notice to the other heirs, then these defendants claiming under him cannot successfully plead the statute of limitations against the claim of the plaintiff, and their verdict should be for the plaintiff.'

VI. "That his Honor erred in refusing to charge the jury, as requested by plaintiff's counsel, as follows: 'That to constitute adverse possession the party setting up such plea must show that he held the land, claiming it as his own, against all other claimants, and if the jury believe from the evidence that John J. Cooley at any time while cultivating the land admitted that he had no title to it, and did not claim it as his own, then the plea of adverse possession and the statute of limitations must fail and the verdict of the jury must be for the plaintiff.'

VIII. "That his Honor erred in refusing to charge the jury, as requested by the plaintiff's counsel, as follows: 'That there is no presumption of law in favor of one in possession of land unless he claim it as his own and notify others who may be interested, if any, that he does so claim it.'

IX. "That his Honor erred in refusing to charge the jury, as requested by the plaintiff's counsel, as follows: 'That the defense in this case rests entirely upon the theory of adverse possession in John J. Cooley, for no paper title in John J. Cooley has been shown except the will of Hiram Cooley, which conveys to John J. Cooley two hundred acres and no more.'

X. "That his Honor erred in refusing to charge the jury, as requested by plaintiff's counsel, as follows: 'That if the jury find that the plaintiff has shown a good title to the land, then she is presumed to be the owner of the land until the contrary be shown.'

XI. "That his Honor erred in charging the jury as follows: 'If John J. Cooley went into possession of the land in dispute before the death of Hiram Cooley and remained continuously in open, notorious possession thereafter for ten years, holding the same adversely to the said Hiram Cooley and the whole world, and such period of adverse holding had elapsed before the death of the said Hiram Cooley, he thereby acquired good title to the said land against the said Hiram Cooley and the whole world,' there being no evidence of any such holding, and so misleading and confusing the jury.

XII. "That his Honor erred in charging the jury as follows: 'That if John J. Cooley had acquired title to the said land by such adverse holding at the death of the said Hiram Cooley, the said Hiram Cooley could not defeat it or take the land away from him by last will and testament or otherwise without his consent,' there being no evidence of any such state of facts in the case.

XIII. "That his Honor erred in charging the jury as follows: 'If the said John J. Cooley had not in any way acquired title to the land in dispute at the time of the death of the said Hiram Cooley, and if the said Hiram Cooley did not give the same to him by last will and testament, and did not give it to any one else by his last will and testament, then, under the 10th clause of the last will and testament of Hiram Cooley, it became the duty of his executor to sell the same and apply the proceeds of sale as therein directed,' this being irrelevant and having no bearing upon the facts proven.

XIV. "That his Honor erred in charging the jury as follows: 'If the said John J. Cooley was continuously in open, notorious and adverse possession of the said tract of land, holding it adversely to all the world, for thirty years after the death of Hiram Cooley, and after his will was admitted to probate, then the law presumes that after such a length of time that the executor of the said will, or some person having authority to carry out the provisions of said will

according to law, sold said land as directed in the will and executed and delivered a deed to the said John J. Cooley. The law raises such presumption to quiet possessions of long standing and put an end to litigation,' this being in direct contradiction of the facts proven and tending to mislead the jury.

XV. "That his Honor erred in charging the jury as follows: 'If said John J. Cooley was in the exclusive open and notorious possession of said land for thirty years after the death of the said Hiram Cooley, holding it adversely to all the world, he would under such presumption have good title thereto, and if being so in possession, and after having so acquired title thereto, he conveyed or devised the same to the defendants, or to others from whom the defendants have derived title thereto, your verdict should be for the defendants,' there being no proof that John J. Cooley ever held the land adversely, but, on the contrary, repeatedly stated that he claimed no title to it.

XVI. "That his Honor erred in charging the jury as follows: 'If the said John J. Cooley was in the exclusive open and notorious possession of the land in dispute for twenty years continuously after the death of the said Hiram Cooley, holding it openly and adversely to the heirs at law of the said Hiram Cooley and all the world, the law at the end of the twenty years of such holding presumes that he acquired title thereto from the State and every other person in interest, including such heirs at law. And the law in such case presumes that he acquired title at the beginning of his possession,' there being no proof of such holding.

XVII. "That if the said 'John J. Cooley acquired title to said land in any manner, and if, after acquiring title thereto, he conveyed or devised the same to the defendants or others through whom the defendants have obtained such title, then your verdict should be for the defendants,' the testimony showing that John J. Cooley neither acquired nor claimed title to the land.

XVIII. "That his Honor erred in charging the jury as follows: 'That if the said John J. Cooley claimed the land to known boundaries or fenced or enclosed the same, and held exclusive, open, notorious and adverse possession of the same to such fence, enclosed or known boundaries, for the period of time hereinabove stated, he would be entitled to all the land within such known boundaries or extending to such fence or enclosure,' there being no proof of any such state of facts in the case."

*Mr. Julius H. Heyward,* for appellant, cites: *Transactions with decedent:* Code of Proc., 400; 44 S. C., 546. *Request to which there is evidence applicable should be given:* 45 S. C., 91; 50 S. C., 161. *One in possession of land disclaiming title is not holding adversely:* Code of Proc., 102, 103, 104, 105; 14 S. C., 250; 15 S. C., 95; 29 S. C., 161; 40 S. C., 326. *A request stating no facts in dispute is not a charge on the facts:* 24 S. C., 504; 47 S. C., 522; 60 S. C., 484.

*Mr. B. M. Shuman,* contra, cites: *Evidence excepted to is not obnoxious to sec. 400 of the Code:* 47 S. C., 488; 53 S. C., 18; 37 S. C., 145. *Tax receipts are admissible in evidence:* 16 S. C., 132. *As to title by adverse possession:* 48 S. C., 489; 50 S. C., 168; 2 Hill Ch., 512; 14 S. C., 103; 1 Hill, 222; 26 S. C., 608; 48 S. C., 282. *As to grant by presumption:* 48 S. C., 489; 50 S. C., 168; 2 Hill Ch., 512; Cheves Eq., 57.

August 20, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover the tract of land described in the complaint.

The facts are thus stated by the appellant's attorney: "In the year 1820, one Pleasant Saddler conveyed to Hiram Cooley a tract of land lying in Greenville County (then district), and containing two hundred and sixty-six acres more or less. In the year 1859, or 1860, Hiram Cooley measured

off two hundred acres from this tract and allowed his son, John J. Cooley, to occupy the said two hundred acres, but made him no deed.    Subsequently Hiram Cooley moved to Anderson, where he died in 1864, leaving a will whereby he devised, *inter alia,* as follows: '8th. I give and bequeath to my son, John J. Cooley, the two hundred acres of land upon which he now lives, being the same I had surveyed for him some two or three years ago, but never executed the title.'

This will is dated February 11th, 1862, and was probated in Anderson in April, 1864, one B. F. Mauldin being appointed executor.    By the tenth clause of said will the executor is required to 'sell and convey the entire residue of my property, both real and personal, not disposed of by this will, and divide the proceeds equally among my children,' as therein named.    On July 4th, the executor, B. F. Mauldin, died without having sold the sixty-six acres of the Saddler tract.

"In the meantime John J. Cooley used the said sixty-six acres, but repeatedly stated to his children and others that it was not his land and that he claimed no title to it.

"In July, 1896, John J. Cooley and his then wife, Stacey Cooley, executed together certain deeds purporting to convey, with other lands, parts of the said sixty-six acres to certain of their children, and, in November of the same year, John J. Cooley executed a will, whereby he undertook to devise the remaining portions of said land to others of his children by said marriage.    All these papers were executed while the said John J. Cooley was in a dying condition.    On December 13th, 1896, John J. Cooley died.    He had been twice married and left children by each marriage.

"In the year 1896, before the death of John J. Cooley, action was commenced in the Court of Common Pleas for the County of Greenville, by the children of the first wife, against John J. Cooley and his children of the second wife, for the recovery of the said sixty-six acres, as the property of their mother, the first wife.    In the progress of said

action, this plaintiff, for the first time, received information as to the condition of the title, and that she might have an interest in the land under the tenth clause of the will of Hiram Cooley, she being one of the children of Hiram named in said clause. This plaintiff, thereupon, in the year 1898 instituted an examination of the records, and having ascertained the fact as above set forth, applied, by advice of counsel, to the probate court for Anderson County for appointment as administratrix *de bonis non, cum testamento annexo,* of the will of Hiram Cooley, which appointment was duly made on the 21st day of March, 1902. On the first day of February, 1904, being salesday, said sixty-six acres was, after due advertisement, offered for sale at public outcry, at Greenville Court House, and duly knocked down to the plaintiff herein, she being the highest bidder therefor. A deed having been duly executed and delivered, this action was commenced on April 17th, 1905, by service of the summons and complaint on the defendants personally. The cause came on for a hearing, for the second time before Hon. R. O. Purdy, Circuit Judge, and a jury, at Greenville, at the June term, 1906. The jury found for the defendants, and judgment having been entered, this appeal is taken upon exceptions to the rulings and charge of the presiding Judge."

There was testimony also tending to show that John J. Cooley was in the open and notorious possession of the land, exercising acts of ownership, for more than fifty years prior to his death.

The exceptions will be set out in the report of the case, and considered in their regular order.

*First exception.* The exception fails to specify the transactions, but waiving this objection it cannot be sustained. The witness, T. O. Cooley, was allowed to testify that he bought the land from John J. Cooley and paid him for it. The deed which John J. Cooley executed to T. O. Cooley had already been introduced in evidence, and it was not contended that there was fraud in its execution. The seal to a deed imports a consideration.

Therefore the amount paid by the witness for the land was wholly immaterial.

*Second exception.* His Honor, the presiding Judge, allowed the witness, John T. Cooley, to testify that John J. Cooley was in possession of the land when he made the several conveyances to the witness and others. This testimony did not relate to a transaction or communication between John T. Cooley and John J. Cooley, and was not objectionable under section 400 of the Code.

*Third exception.* There was no objection to the testimony mentioned in this exception.

*Fourth exception.* The tax receipts are not set out in the record. Such receipts are, however, admissible for the purpose of showing that the party paying the taxes claimed the land. *Ellen v. Ellen,* 16 S. C., 143.

*Fifth exception.* The request mentioned in this exception was refused, on the ground that the proposition contained therein was not applicable to the case. There is no testimony to the effect that John J. Cooley claimed the land as an heir at law of Hiram Cooley. The Circuit Judge, however, charged the jury fully upon the question of adverse possession.

*Sixth exception.* After reading to the jury the request set out in this exception, the presiding Judge said: "I will charge you that, with this modification: Any disclaimer on the part of John J. Cooley, if you believe there was such, would be in derogation of his title, and his title must be open, notorious and adverse, must have been continuous; but if he disclaimed his title, and then held it openly, notoriously and adversely for ten years, he would still have a good title. He must have been on the land that length of time prior to 1870. It must have been for a period of ten years. If he claimed it for ten years openly, notoriously and adversely, he would have a good title, and if the period of twenty years was of force, he must have claimed it for a period of twenty years openly, notoriously and adversely, and that would give him good title." The

request was properly modified for the reason that it took from the jury the consideration of the question whether John J. Cooley could acquire a title by adverse possession after admitting, *at any time,* that he was not the owner of the lands.

The request was not in accord with the principle announced in *McCutcheon* v. *McCutcheon,* 77 S. C., 129.

*Seventh exception.* There is no exception by this number.

*Eighth exception.* In regard to the request mentioned in this exception, the Circuit Judge charged: "Well, gentlemen, I will charge you this in the place of that: If a person is in possession of land, and does such acts upon it, and his possession is open, notorious and adverse, and his acts indicate that he is claiming it as his own, and those acts are sufficient to put other people upon notice that such is the case, then they are bound by his possession, and he would have a good title. If his possession was secret, holding it under some one else, that would never give him title by adverse possession. If he holds it openly, notoriously and adversely, and does such acts upon it as would put other people upon notice that he was claiming it as his own, that would be sufficient and would give him title to the land, if he held it for a period of ten years, if it was the ten-year period, or for twenty years if it was the twenty-year period. Secret holding would never mature into title, but open, notorious and adverse holding, giving notice to the world that he was holding it and claiming it as his own, would ripen into title."

Instead of charging the substitute, the presiding Judge might properly have refused the request altogether, as possession alone is sufficient to raise the presumption that such possession is rightful, and it is incumbent on those who allege that it is unlawful to establish that fact.

*Ninth exception.* This request was properly refused for the reason that it ignored the fact, that the answer denied title in the plaintiffs, and the further fact, that the defendants relied upon the presumption of a grant.

*Tenth exception.* In ruling upon the request in this exception, the Circuit Judge said: "That is good law, and I so charge you. It is a question of fact for you whether she has shown good title, and if she has shown good title, it is a question of fact for you whether it has been defeated." The superadded words were merely explanatory, and did not change the proposition of law embodied in the request.

*Eleventh exception,* to the eighteenth exception, inclusive: We adopt the arrangement of the appellant's attorney in considering these exceptions together.

There was testimony to which the charge in these exceptions was applicable, but even if there was no such testimony, it has not been made to appear that the rulings were prejudicial to the rights of the appellant. *Vann* v. *Howle,* 44 S. C., 548, 22 S. E., 735; *Boggero* v. *Ry.,* 64 S. C., 112, 41 S. E., 819.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.