## 7128

### J. W. GRIFFITH & BRO. v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—CHARGE.—Portions of charge here complained of did not assume the train was run in a fog, but submitted to the jury the question of due care in running a train in darkness or fog.
2. IBID.—STOCK LAW—LIVE STOCK.—Where the stock law is in force a railroad company is not required to use the same caution and care to prevent injury to animals straying on its tracks as where it is not in force.
3. IBID.—LIVE STOCK—PRESUMPTIONS.—The portions of the charge here complained of, construed with the other portions of the charge on the same subject, *held* to have instructed the jury that the presumption of negligence from the fact of killing stock by a railroad train is not controlling and conclusive against the railroad where it offers evidence tending to overcome the presumption.

Before MEMMINGER, J., Charleston, June, 1908. Affirmed.

Action by J. W. Griffith & Bro. against Atlantic Coast Line R. R. Co. From judgment for defendants, plaintiffs appeal.

*Mr. St. Julien Grimke,* and *Legare, Holman & Baker,* for appellants. *Messrs. Legare, Holman & Baker,* cite: *The law laid down in Danner's case was not changed by the stock law:* 20 S. C., 249; 26 S. C., 49.

*Messrs. T. M. Mordecai, W. Huger FitzSimons* and *Simeon Hyde,* contra. *Mr. Hyde* cites: *Same degree of care is not required where stock law is in force:* Code, 1902, 1497; 31 S. C., 152; 20 S. C., 258; 26 S. C., 49; 20 S. C., 249; 29 S. C., 159; 47 S. C., 390.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiffs, who were contractors, engaged in the construction of the Charleston and Summerville Railroad, used in their work thirty-four mules, which at night were kept in one enclosure. On the night of 24th April, 1906, the mules broke one of the bars of the enclosure and four of them strayed on defendant's railroad track, where they were killed between five and six o'clock in the morning, by a passenger train. This action was brought to recover damages for the loss. The defenses set up were: first, that defendant's agents in charge of the train exercised due care in the running of it, but a dense fog made it impossible for them to see the mules, and that the accident was unavoidable on their part; and, second, that the loss of the mules was the result of plaintiffs' contributory negligence in keeping the mules in a small and insecure enclosure. On the trial of the issues thus made, the jury found a verdict for the defendant. The plaintiffs appeal, assigning several errors in the charge to the jury.

There is no foundation for the exception alleging error on the part of the Circuit Judge in assuming that the train was running in a fog. The charge on this subject went no further than a statement that the General Assembly had not laid down by statute a rule as to any rate of speed or other precautions that a railroad company should take to avoid accidents while running in a fog, and that the jury must decide what would be due care in running a train under all the conditions, such as the presence of darkness or fog. The charge on this subject was rather favorable to the plaintiff than otherwise, for it emphasized the necessity of caution by the defendant in running in darkness or fog.

The second exception alleges error in the instruction: "That where the stock law is in force the defendant is not required to use the same care and caution as in localities where such law is not in force." The law which requires the fencing of live stock was in force at the place where the mules were killed. In *Harley* v. *Eutawville R. R. Co.*, 31 S. C., 151, 9 S. E., 782, where the same conditions existed, the Court held the defendant was entitled to have an instruction in the precise words here used by the Circuit Judge. That case is reaffirmed, rather than overruled, by the subsequent case of *Davis* v. *F. C. & P. R. R. Co.*, 47 S. C., 390, 25 S. E., 224.

The last two exceptions complained of the following instruction: "The jury is instructed that, notwithstanding the presumption of negligence, which arises from the fact that the stock has been killed by the railroad company, where all the facts are in evidence, including the fact that the stock law was in force at the place in question, they must find a verdict from the preponderance of the evidence as a whole, and can not find a verdict against the defendant simply because of the presumption of negligence." The plaintiffs contend that by this instruction, the jury were misled as to which party had the burden of proof, and might

have inferred from it that the burden of proof rested on the plaintiffs. In opening this charge, the Circuit Judge had said: "Now, the law is, as you have heard stated here, that when a man proves that he owns live stock, and that it was killed upon the track of a railroad company, the law raises the presumption of negligence as against the railroad company, and says that nothing further appearing than that, and there is no showing to the contrary, no explanation on the part of the railroad company, that then the man is entitled to recover, but the law goes on and says that where the railroad company comes in and denies that there was any negligence on its part, and explains the killing and overcomes the burden of negligence thrown upon it, explains it satisfactorily to the jury, that the killing was unavoidable, or accidental, and was caused through no negligence on their part, then the presumption is removed, and the party can not recover because, as you see, his right to recover is based upon the negligence of the railroad company; and if it is shown that there has been no negligence on the part of the railroad company, he can not recover." When these instructions are considered together, the meaning seems obvious that the fact of killing live stock on the track raises a presumption of negligence against a railroad company; but when the railroad company, denying negligence and assuming the burden of proving due care, offers evidence which tends to overcome the burden placed on it by the presumption of negligence, then the jury can not rest their verdict on the presumption alone, but must consider, not only the presumption, but all the evidence on the subject, and rest their verdict on the preponderance of the entire evidence. This was nothing more than an instruction that the presumption from the fact of killing live stock by a railroad train is not controlling and conclusive against the railroad company, where it offers evidence tending to overcome the presumption. That this is a correct statement of the law will not be

doubted, and we think the jury could not have understood the charge to mean anything else.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.