### 7207

### OWENS v. LAURENS COTTON MILLS.

MASTER AND SERVANT—ASSUMPTION OF RISKS—NEGLIGENCE OF FELLOW-SERVANTS—NONSUIT.—THE PRESUMPTION is that a minor under four-teen years of age is incapable of assuming the risks of danger of machinery and that arising from the negligence of a fellow-servant, and especially where the evidence on both points is conflicting, it is proper to refuse nonsuit.

Before GAGE, J., Laurens, Spring term, 1908. Affirmed.

Action by Lidia Owens, by guardian, against Laurens Cotton Mills. From judgment for plaintiff, defendant appeals.

*Messrs. Dial & Todd,* for appellant, cite: *Where servant knew of danger master is not liable:* 72 S. C., 347; 55 S. C., 483; 157 Mass., 418; 131 N. Y., 631. *Master assumes servant will use proper care:* 4 N. E. R., 231; 23 S. C., 537; 41 S. C., 388. *Servant was guilty of contributory negligence:* 66 S. C., 483.

*Messrs. Cannon & Blackwell,* contra, cite: *Who are fellow-servants?* 26 Cyc., 1337; 48 S. C., 191; 74 S. C., 16; 57 S. E., 626. *Assumption of risk:* 26 Cyc., 1218-9; 36 L. R. A., 586; 52 S. C., 438; 61 S. C., 393; 72 S. C., 242; 5 L. R. A. (N. S.), 250; 30 S. E., 477; 57 S. E., 998; 47 S. E., 937; 46 S. E., 674; 61 S. E., 1029.

June 8, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff while in the employment of the defendant.

The complaint contains the following allegations: "That Lidia Owens is a child of tender years, being about eleven years of age, and was employed by the defendant, the Laurens Cotton Mills, to work in said mill, and while employed as aforesaid, on or about the 18th day of February, 1907, being inexperienced in mill work and not aware of the danger of the machinery, and not being warned of the same, she was ordered by the defendant to oil the gearing, cogs, or wheel, of one of the defendant's spinning frames, and while thus employed, and under the defendant's direction and supervision, and without any fault of her own, but on account of the wilfulness and wantonness of this defendant, and by reason of its carelessness and negligence in not furnishing the said Lidia Owens a safe place to work and suitable appliances, her hand was caught in and between the cogs, or cog wheels, of one of defendant's spinning frames, or those connected thereto, and the index finger on the right hand was so badly crushed and lacerated that it was necessary to have the same amputated."

There was testimony to the effect that the plaintiff was, at the time of the injury, about ten years of age; that she was inexperienced in mill work, having worked only about three weeks; that she was not warned of the danger incident to her work; that it was her duty to oil the rollers; and that she was not furnished with a brush or other appliances for getting the oil; that the defendant not only knew that she got oil from the gear cap of the spinning frame, but the section boss, under whom she worked, had ordered her to get oil from a gear cap about ten minutes before the injury occurred, and told her in what position to place her finger in order to get it.

At the close of the plaintiff's testimony the defendant made a motion for nonsuit on two grounds:

First. Because the testimony showed assumption of risk on the part of the plaintiff; and

Second. Because the testimony showed that the injury was caused by the negligence of a fellow-servant.

In refusing the motion his Honor, the presiding Judge, said: "Mr. Featherstone, if this was a grown girl, or a grown man, I should have no hesitation about granting your nonsuit, under the case of Wofford. But she was of tender years, nine years old, and had not been in the mill but three weeks. She was not entitled under the law to be there at all, and I have no hesitation about my duty to refuse the motion."

The question as to punitive damages was eliminated from the consideration of the jury, which rendered a verdict in favor of the plaintiff for five hundred dollars.

The defendant appealed upon exceptions assigning error in the refusal to grant the nonsuit, and in allowing a witness to testify that some of the boss men allowed other children to get oil out of the cups.

The only grounds which can be considered in determining whether there was error in refusing the nonsuit are those that were relied upon when the motion was heard.

The first question that will be considered is whether there was error in refusing the motion for nonsuit, made on the ground that the testimony showed assumption of risk on the part of the plaintiff.

Not only was the testimony conflicting, but the presumption is that an infant under fourteen years of age is incapable of assuming risks of danger. Therefore, his Honor, the presiding Judge, could not have granted the nonsuit without invading the province of the jury. The exception raising this question is overruled.

The next question for consideration is whether the testimony showed that the plaintiff was injured as the result of

negligence on the part of a fellow-servant. As the plaintiff was under fourteen years of age, the presumption is that she could not assume the risk arising from the negligence of a fellow-servant.

Furthermore, there was testimony to the effect that the injury was not caused by the negligence of a fellow-servant. It would, therefore, have been· error for the presiding Judge to have refused to submit the testimony to the jury.

The other exception was not argued, and, therefore, will not be considered.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.