7768

CUMMING v. LAWRENCE.

1. PUNITIVE DAMAGES.—Where testimony of financial condition of defendant is admitted under allegation of wantonness, and trial Judge afterward rules there is no evidence of wantonness, but does not instruct jury to disregard such evidence, it is immaterial, espe-

cially where the evidence was to the effect only that defendant was well fixed.

2. MINOR—ASSUMPTION OF RISKS—NEGLIGENCE—FELLOW SERVANTS—PRESUMPTION—ISSUES.—It is presumed a minor under fourteen years of age is incapable of assuming risks incident to employment among dangerous machinery or those arising from negligence of fellow servants, and this presumption continues until rebutted by the evidence. The issue of rebuttal is exclusively for the jury.

3. IBID.—IBID.—IBID.—IBID.—Instruction as to assumption of risks by minor of negligence of fellow servants if error could not have misled the jury.

4. DAMAGES.—One suing for actual and punitive damages may recover as actual damages the whole amount sued for.

Before DEVORE, J., Spartanburg, October term, 1909. Affirmed.

Action by Clarence Cumming, by guardian, against Bryan Lawrence. From judgment defendant appeals on the following exceptions:

I. "Because the presiding Judge erred in allowing the plaintiff's counsel, against the defendant's objection, to ask, and have answered, questions from the defendant's witness, G. W. Greene, as to the financial standing of the defendant, when such testimony was competent only for the purpose of collecting punitive damages, when there was no evidence in this case tending to show a right to any such damages.

II. "Because the presiding Judge, having allowed testimony as to the financial ability of the defendant on the theory that punitive damages were demanded in the complaint, he erred in that, having afterwards ruled that no such damages could be recovered in this case, he failed to instruct the jury that they should pay no attention at all to testimony as to the defendant's pecuniary standing.

III. "Because the presiding Judge erred, as a matter of law, in not holding, on the defendant's motion for the direction of a verdict, that if there was any negligence on the part of the defendant shown in the case, such negligence

was the negligence of one Heney, who, under the uncontradicted testimony, was a fellow servant with plaintiff, and in not, therefore, directing a verdict on the ground that the negligence shown being of a fellow servant, the plaintiff could not recover in this action.

IV. "Because the ruling by the presiding Judge on the motion to direct a verdict that if the plaintiff was over fourteen years of age he would not hesitate a moment to grant the motion, was tantamount to a holding by him that the uncontradicted evidence showed that the plaintiff had sufficient capacity to make him subject, just as any adult would be, to the defense of fellow servant; and this being true, it was error of law for the Circuit Judge to hold that he could not, under the law, direct a verdict in favor of the defendant on this ground.

V. "Because the presiding Judge erred in not holding on the motion to direct a verdict that the plaintiff, even though he was under fourteen years of age when his injuries were received, was subject, so far as the motion in question was concerned, to the same rules of law as an adult or an infant over fourteen years of age would be, and in not, therefore, on the uncontradicted evidence in the case, granting the motion for the direction of a verdict in favor of the defendant.

VI. "Because the presiding Judge erred in leaving to the jury the question whether the plaintiff and the party through whose alleged negligence he was injured were fellow servants or not, when, under the law and the uncontradicted evidence in this case, the said party was a fellow servant with plaintiff, and it was the duty of the presiding Judge to so instruct the jury.

VII. "Because the presiding Judge erred in not holding that while it is a general principle of law that the presumption is that an infant between the ages of seven and fourteen years is presumed not to have capacity sufficient to make him guilty of contributory negligence—still in a clear

case, as here, where the uncontradicted evidence shows clearly, as here, that such a plaintiff has capacity sufficient to charge him with contributory negligence, it is the duty of the presiding Judge to so hold, and in not, on this principle so holding in this case.

VIII. "Because the presiding Judge erred in instructing the jury as follows: 'On the other hand, if the person who was starting the machinery was a fellow servant with the party who was injured, and he was not representing the master, and it was the negligence of a fellow servant that caused the injury, why, the master would not be liable; and in considering that you must take into consideration the age of the party injured, whether he had sufficient knowledge, sufficient intelligence, to assume the risk, whether he knew the danger, whether he knew that it was his duty to avoid the danger and to use care himself;' the error being:

"(a) In limiting the cases in which the plaintiff could not recover because the negligence alleged was the act of a fellow servant to cases in which the alleged fellow servant did not represent the master, when the nonrepresentation of the master referred to should have been stated to be in respect to nondelegable matters.

"(b) The instruction was erroneous, in that it led the jury to believe that the plaintiff could not be barred of a recovery, being a minor, unless the jury should find that he had sufficient intelligence to assume the risks of his employment and to know the dangers thereof, and to know that it was his duty to avoid the danger and use care himself, when, under the law, if the question of the intelligence of the plaintiff, he being an infant, was involved at all as to the matter of the defense of fellow servant, the obligation on the defendant was that of showing this, and this only, namely, that he had sufficient intelligence to know that he was to work with, and might be injured by, another servant working with him.

IX. "Because the presiding Judge erred in not instructing the jury, as requested in the defendant's sixth request, as follows: 'If the jury believe from the evidence that the plaintiff was injured through the negligence of an employee of the defendant, Lawrence, and that such employee was a fellow servant with the plaintiff and did not stand in the relation of master to him, then the plaintiff cannot recover in this action, because the law says that if an employee is injured through the negligence of a fellow workman or fellow servant, he cannot hold the master or the employer of both liable for his injuries,' and in modifying such instruction to the jury as follows, to wit: 'I charge you that, as I have already done in sum and substance, but in the consideration of that you must take into consideration the age of this party here that is alleged to have been injured, as I have instructed you in regard to his age all along in my charge;' the error being:

"(a) The instruction should have been given as requested, without the modification, as, under the law, the plaintiff, whatever his age was, was subject to the defense of fellow servant.

"(b) It was error to qualify the request as stated, because, as charged in the preceding exception, such qualification imposed upon the defendant the duty of showing greater mental capacity than it was necessary to show in order to make plaintiff subject to the defense of fellow servant.

X. "Because the presiding Judge erred in instructing the jury as follows, to wit: 'So, Mr. Foreman, if you conclude that the plaintiff is entitled to recover, you have it in your power to find any amount, up to two thousand dollars. You cannot go over that, but you can find any amount under that. If you find, as I stated, that he is entitled to recover, whatever amount you find he is entitled to, write "We find for the plaintiff so many dollars," writing it out in words, not figures, and sign your name as foreman;' the error

being in instructing the jury that they could find in favor of the plaintiff to the amount of two thousand dollars, when that sum had been demanded in the complaint for both actual and punitive damages, and when he had previously instructed the jury that they could not allow any sum for punitive damages, and it was consequently error of law to instruct the jury that they could allow as much as two thousand dollars for actual damages alone.

XI. "Because the presiding Judge erred in not granting the defendant's motion for a new trial on the second ground upon which such motion was based, to wit: 'Because the verdict of the jury was one that could not legally be rendered.

" '(a) If the jury intended to give no punitive damages, they gave a larger verdict for actual damages than the plaintiff had asked, and, therefore, the verdict was illegal.

" '(b) If the jury intended to give punitive damages, their verdict was in conflict with the charge of the Judge, and, therefore, illegal.'

"In either case the verdict was wrong, and should be set aside.   A new trial *nisi* on this ground would not be right, because it is impossible to ascertain either how much of the two thousand dollars demanded in the complaint was for actual damages, or how much of the verdict was intended to represent punitive damages, if punitive damages were given at all; the error being:

"(1) The plaintiff demanded both actual and punitive damages in the aggregate sum of two thousand dollars. The jury was instructed that they could not render anything for punitive damages.   As the demand for damages, both actual and punitive, had only been two thousand dollars, the jury could not legally render a verdict for the full sum demanded for actual damages alone, and it was error of law for the Circuit Judge not to so hold and not to grant a new trial on this ground.

"(2) If the verdict of the jury was intended to cover both actual and punitive damages, it was error of law not to set it aside on that ground, as the instruction had been that punitive damages could not be given."

*Messrs. Simpson & Bomar,* for appellant, cite: *Evidence as to financial ability of defendant was improperly admitted:* 6 Thomp. Neg., sec 7171. *Presumption as to assumption of risks by minor:* 76 S. C. 452; 83 S. C. 19; 1 Labatt, secs. 470, 291; 2 Id. 488. *Cases in point:* 80 S. C. 50; 73 S. C. 180; 63 S. C. 462; 70 S. C. 539.

*Messrs. Stanyarne Wilson* and *H. K. Osborne,* contra, cite: *Issue of vice principal or fellow servant is for jury:* 51 S. C. 96; 80 S. C. 546; 1 Thomp. Neg., sec. 580; Id., sec. 4681; 82 S. C. 546; 1 Labatt, sec. 465. *Assumption of risk is for jury:* 66 S. C. 204; 81 S. C. 525; 72 S. C. 420; 61 S. C. 468; 4 Thomp. Neg., sec. 4867; 1 Lab., sec. 348; 83 S. C. 21; 80 S. C. 351; 76 S. C. 543, 455.

January 30, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff on account of the wrongful acts of the defendant.

The allegations of the complaint, material to the questions under consideration, are as follows:

1. "That on the 3d of July, 1907, Clarence Cumming, a child of eleven years of age, was in the employment of the defendant in a laundry at Glenn Springs, in said county and State, operated by said defendant, and was working under the control and direction of defendant's representative, ―――― Heny, who was in charge of said laundry for defendant.

2. "That on said day, while he was so at work for the defendant, at a machine known as an ironer, his hand was caught and drawn into said machine, between the hot rollers

thereof, by the same being started by the defendant's said representative, while his hand was in position to be caught thereby; that after said hand was so drawn into said machine, and between said hot rollers, the said defendant, by its said representative, with full knowledge of the situation, reversed the movement of the rollers, and caused the same to again mash and crush plaintiff's hand, by rerolling it in the opposite direction, and thereby so crushing and mangling his hand that it had to be amputated; said second crushing and mangling being of greater damage than the first.

3. "That by the aforesaid negligence and wantonness of the defendant, plaintiff has been damaged in the sum of two thousand dollars."

The defendant denied the allegations of negligence and wantonness, and set up the defenses of contributory negligence and assumption of risk.

The jury rendered a verdict in favor of the plaintiff, for two thousand dollars, and the defendant appealed upon exceptions, which will be reported.

*First and Second Exceptions:* The testimony was admitted on the ground that the complaint alleged wantonness; and, after his Honor, the presiding Judge, ruled that there was no testimony tending to show wantonness, it thereby became immaterial.

Furthermore, the witness only testified that he understood the defendant was well fixed, but did not know what he was worth. Under these circumstances, it is not reasonable to suppose that, even if there was error, it was prejudicial to the rights of the appellant.

*Third, Fourth, Fifth, Sixth, Seventh and Ninth Exceptions:* The question presented by these exceptions are concluded by the cases of *Goodwin* v. *Columbia Mills Co.,* 80 S. C. 349, 61 S. E. 390; and *Alexander* v. *Carolina Mills,* 83 S. C. 17, 64 S. E. 914; and *Owens* v. *Cotton Mills,* 83 S. C. 19, 64 S. E. 915.

In those cases it was held that there is a presumption that a minor under fourteen years of age is incapable of assuming the risks incident to his employment, or those arising from the negligence of a fellow servant. This presumption continues until rebutted by the testimony, and the question whether it is rebutted is exclusively for the jury. See, also, *Mack* v. *R. R.,* 52 S. C. 323; and *Griffith* v. *R. R.,* 82 S. C. 252, 64 S. E. 222.

In the last mentioned case the Court says: "When these instructions are considered together, the meaning seems obvious, that the killing of live stock on the track, raises a presumption of negligence against a railroad company; but when the railroad company, denying negligence and assuming the burden of proving due care, offers evidence which tends to overcome the burden, placed on it by the presumption of negligence, then the jury cannot rest their verdict, on the presumption alone, but must consider, not only the presumption, but all the evidence on the subject, and rest their verdict on the preponderance of the entire evidence."

*Eighth Exception:* There was no error, but, even if there was, we cannot conceive of any reasonable ground for supposing that the jury was misled.

*Tenth and Eleventh Exceptions:* The fact that the plaintiff alleged, that he sustained damages to the amount of two thousand dollars did not preclude him from proving, that he was injured to a greater extent than that sum.

The only limitation upon the plaintiff's right to recover the amount of damages, which he *proved,* was that the jury could not find a larger sum, than was alleged in the complaint, to wit, two thousand dollars.

Judgment affirmed.