### 8979

### GALLISHAW v. JACKSON.

(83 S. E. 454.)

RECOVERY OF REAL PROPERTY   TAX SALES.   DIRECTION OF VERDICT.

1. A motion questioning the sufficiency of the evidence to sustain a verdict for plaintiff properly made and considered at close of defendant's testimony.

2. The alleged refusal of the trial Court to permit plaintiff's counsel to make a motion at the close of plaintiff's case, or to state the nature of the grounds thereof, was harmless, where, it appeared that his motion for a directed verdict, made at the close of the defense, was the same, and based on the same grounds, as the motion which counsel intended to make at the close of his case.

3. A "township" is a division of the county made for governmental purposes, and under the express provisions of Const., art. VII, sec. 11, is a body politic.

4. Under Civil Code 1912, sec. 1738, requiring county boards of education to divide their counties into convenient school districts, and to create additional districts from time to time, as needed, and section 1741, declaring the school districts of the several counties of the State to be divisions of the counties for taxation for all school purposes, a "school district" is a part of the county's territory, divided off by the county board of education for taxation for school purposes.

5. Under an execution against a delinquent taxpayer the sheriff may sell any property within his county, and a memorandum on the execution as to the location of such property within a particular sub-

division of the county is not an essential part of the process and may be disregarded.

6. The inclusion of an excessive assessment in an execution for delinquent taxes does not invalidate the execution, where the taxpayer fails to apply for the correction of the assessment as prescribed by Civil Code, sec. 475.

7. Under Civil Code 1912, sec. 469, providing that, upon the expiration of the time allowed by law for the payment of taxes, the county treasurer shall issue a warrant or execution against a. defaulting taxpayer, substantially in the form therein prescribed, which directs the sheriff to levy on the personal property, and in default of personal property, then on the land of such taxpayer, a sum to be therein specified, the execution need not describe the land to be sold by acres or by boundaries, as the sheriff may take any land of the taxpayer that he can find; and hence a notation on an execution, indicating that the land was in a particular school district, was not an essential part of the process, and did not affect the validity of the tax sale, though the land was not in fact in such school district, especially as section 475, providing for a suspension of the sale upon the offer of satisfactory evidence to the sheriff that the taxes have been paid or improperly assessed, supplied an ample remedy if, as claimed, the taxes were higher in such school district than out of it.

8. It is elementary that a sale of the land of one person for a tax against another is void.

9. Where the plaintiff proves title to lands held by the defendant as purchaser at a sale under tax execution against a third party, defendant's *prima facie* right to possession falls to the ground, and he must show *aliunde* a better title than plaintiff has shown.

10. Where the only reasonable inference to be drawn from the evidence is that the lands purchased by defendant under a tax execution against the property of B, were in fact the property of the plaintiff and not of B, a verdict ought to have been directed for the plaintiff.

11. In an action to recover possession of land from a purchaser at a sale for delinquent taxes assessed against R. in 1908, evidence that M. owned the land for 30 years next prior to 1907; that in that year he conveyed to Q., who the following year conveyed to plaintiff, and that plaintiff was in possession by contract to purchase seven or eight years before he got his deed, overcame the *prima facie* case made by the tax title, and placed on defendant the burden of showing a better title than plaintiff had, shown, which he did not do by

FOOTNOTE.—See notes on statutory limitation of time for relief against a tax deed as affecting right to set up invalidity of tax title in 46 L. R. A. (N. S.) 1065; 27 L. R. A. (N. S.) 339, and 23 L. R. A. (N. S.) 1102, and in 9 A. & E. Ann. Cas. 873.

merely showing that he was put in possession by the sheriff; that R. was then in possession and claimed the land, and that R. had lived on the land for two or three years prior to the tax sale.

Before C. J. RAMAGE, special Judge, St. George, October, 1913. Reversed.

Action to recover possession of real estate, brought by John Henry Gallishaw, against G. W. Jackson. From a judgment for defendant, plaintiff appeals. The facts and questions raised by the exceptions are stated in the opinion

*Mr. Legare Walker,* for appellant, submits: *Execution intended to provide proper evidence of sale:* 67 S. C. 538. *Prima facie effect of deed:* 15 S. C. 192. *May be overcome by showing lack of prerequisites:* 15 S. C. 192; 31 S. C. 547; 57 S. C. 79. *Evidence susceptible of no other conclusion than that the delinquent taxpayer erroneously returned in his name property belonging to plaintiff, who was entitled to a direction of a verdict:* 41 S. C. 450; 80 S. C. 29; 83 S. C. 1; 95 S. C. 295. *In charging Civil Code, secs. 115 and 474, the Court should have also charged that it was necessary for the purchaser at tax sale to prove title in the delinquent taxpayer against whom the execution was issued, or to connect him with a source of title common to plaintiff, in order to apply the special limitations in those sections to bar this action:* 37 S. C. 400; 67 S. C. 526; 62 S. C. 503; 83 S. C. 1. *Necessity for seizure on levy:* 67 S. C. 526. *Failure to redeem in six months under Civil Code, sec. 471, does not bar right to maintain this action:* 37 S. C. 400; 67 S. C. 526.

*Mr. Walker S. Utsey,* for respondent, submits: *In order to show title in himself plaintiff should show that the lien of the State for taxes had been satisfied:* Civil Code, sec. 290. *The tax divisions of the county are townships:* Civil Code, sec. 416. *School districts are tax divisions only for school purposes:* Civil Code, sec. 1741. *If able to show that taxes*

*had been paid, plaintiff had his remedy, which he lost by
sitting idly:* Civil Code, sec. 461; 49 S. C. 188; 67 S. C.
526. *Duplicate tax execution need not be attached to deed:*
23 Stats. 973; Civil Code, sec. 471. *The execution was
valid:* 67 S. C. 526, *and shows possession by sheriff:* 50
S. C. 459. *Bar of plaintiff's right to maintain this action
two years after tax sale:* Civil Code, sec. 474; 62 S. C.
503; 70 S. C. 309. *Tax deed prima facie evidence of good
title:* 80 S. C. 146, *and after introduction of deed burden
was on plaintiff to show noncompliance with the law:* 31
S. C. 547; 40 S. C. 114.

November 12, 1914.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

Action to recover possession of two acres of land lying
about three-quarters of a mile from Jedburg, in Dorchester
county.

History: Plaintiff alleges he owned a parcel of 35 acres
of land, of which this two acres is a part.

One Moses Rivers, Jr., married plaintiff's daughter, and
for two or three years next before the sheriff's sale, here-
inafter referred to, is said to have resided upon the two
acres of this parcel now in issue.

Rivers was assessed for taxation with $50.00 of real
property and $20.00 of personal property, for the year
1908, and a tax and penalty of $2.25 was levied thereon
that year.

The tax was not paid, and the two acres in issue were
sold in 1909 by the sheriff to satisfy the execution; and
thereat the defendant purchased and went into possession.
Plaintiff sued the purchaser to recover the land.

The jury found for the defendant, and the plaintiff
appeals.

There are ten grounds of appeal, but there are not nearly
so many vital issues made.

There were nine requests to charge; of these the Court charge five, modified two, refused one, and omitted to rule upon one.

One-half the ten exceptions relate to the charge; the other half relate to a refusal to direct a verdict, and a refusal to grant a new trial and a refusal to hear a motion.

One-half the exceptions are single; the other half are split up into from two to five subdivisions; and in some instances the subdivisions are yet again divided.

These exceptions will not be considered in their order, nor in detail.

The first stated is for the refusal of the Court to permit counsel to "make a motion, or to state the nature of the grounds thereof at the conclusion of his case."

The record shows that when the plaintiff rested, plaintiff's counsel said: "Mr. Walker: The complaint in this case alleges that we are entitled to the possession of two acres of land situated in Dorchester township, South Carolina, and the answer admits that the proof shows that this property was in Dorchester township and not.—" Thereto the Court answered:

"We can't go into that now, Mr. Walker."

When the defense closed, the following colloquy took place: "Mr. Walker: If your Honor please, I think we are entitled to the direction of a verdict. The situation that presents itself to the Court is as follows:

The Court: My construction of the law is that a tax title is *prima facie* good, and I could not direct a verdict in the face of that provision.

Mr. Walker: I understand that, your Honor, and I bow to the decision of the Court, but it seems to me that the papers being for the Court to construe, that the very foundation upon which the sheriff based his action called for property in another tax division of the county. Here is an execution which is required by law directing the sheriff to

sell a lot in Summerville school district, and on that sale that he made, this tax deed is based, and instead of selling the property in the district he was directed to sell it in, he goes and sells property in another district.

The Court: The location and identity of the property is a question for the jury, and I will have to overrule the motion."

It is plain that the motion that was made and the grounds of it at the close of the defense was the same the plaintiff's counsel intended to make when he rested his case. So that no harm has been done; the motion was made, and the grounds of it, and the Court ruled upon it. We must assume, from the high character of plaintiff's counsel, that he would not make a frivolous motion; and we must also assume from a like character of the Court that a motion made by counsel would at least be entertained.

The record does not disprove that assumption, but sustains it.

The second exception was not pressed in the argument, therein "It is admitted that under the statute as it now stands the requirement that the duplicate original tax execution should be annexed to the tax deed has been dispensed with."

The other eight exceptions may be considered under two heads, for they all arise out of these two issues.

The first is, that the land lay in fact in Dorchester township; but the treasurer's execution had written in it the character, "Sum. S. D.," and which mean Summerville school district; that this amounted to a direction to the sheriff to sell land situated in Summerville school district, and not land situate in Dorchester township; that if the land did in fact lie in Dorchester township and not in Summerville school district, then the sale was void, and the Court ought to have so directed the jury.

The Circuit Court did so charge the law (requests 8 and 9). But the Court left it to the jury to find whether the

land lay in Dorchester township or Summerville school district.

We are of opinion that the only reasonable conclusion to draw from the testimony is that the land lay without the school district; all the testimony is to that effect, and there is none *contra.*   But we are of the opinion that the sale is not thereby avoided, and the Court could not, therefore, have directed a verdict for the plaintiff.

A township is a body politic under the Constitution (art. 7, sec. 11); it is a division of the county, made for governmental purposes.

A school district is a part of the county's territory divided off by the county boards of education for taxation for school purposes.   (Code of Laws, secs. 1738-1741.)

The testimony shows there are five school districts in Dorchester township, and one of them is Summerville school district.

The statute prescribes the form and words of the execution which a treasurer shall issue against a defaulting taxpayer.   (Code of Laws, sec. 469.)

The form does not contemplate a description of the land directed to be sold, by acres, or by boundaries; it is a direction to proceed by "sale of the land of the said" delinquent taxpayer.   The sheriff may take any land of the delinquent in the county that he may be able to put his hands on, just so it is the delinquent's land, and not too much.

The same is true with reference to executions issued upon judgment; they do not describe the land to be seized and sold.

The characters "Sum. S. D." may refer to the location of the land, or to the residence of the delinquent.   The treasurer testified: "I always note on the execution the township and school district.   This was Summerville school district, Dorchester township and Dorchester county."   It was in evidence that Rivers had

paid his poll tax in the school district. The characters need not have been put there; they add to the requirements of the statute; and had they not been there the sale would have been free from the question now made.

The memorandum of the treasurer, therefore, was no essential part of the process, and the presence of it cannot, therefore, make void the sale.

The only reason urged for the invalidity of the sale is that the taxes were higher in the school district than out of it.

For such a mistake the statute supplies ample remedies in Civil Code, sec. 475; the delinquent taxpayer might have "offered satisfactory evidence to the sheriff that said taxes have been * * * improperly assessed against him."

The second issue is of a more serious character. We are of the opinion it must be decided for the plaintiff-appellant. That issue is that the plaintiff proved that the land sold for Rivers' taxes is his own, and, therefore, not subject to be sold for taxes due by Rivers.

If that be the only reasonable inference to be drawn from the testimony, then the Court ought to have directed a verdict for the plaintiff. It is elementary that if A owns a parcel of land, and if B owes a tax, that A's land may not be sold for B's tax. So much had been decided, but it ought not to have been necessary to decide such a matter.

The plaintiff proved that one Mellard owned the land of which the two acres is a part for thirty years next before 1907; that Mellard conveyed by deed to Quackenbush 28 March, 1907; that Quackenbush conveyed by deed to Gallishaw *18 April, 1908;* that Gallishaw was in by contract to purchase 7 or 8 years before he got deed.

There was no pretense of a contradiction of this testimony; it was not gainsaid; it therefore stands for proof.

The *prima facie* case of the defendant, existent because he held a tax title, falls then to the ground; and the defend-

ant must show *aliunde* a better title than the plaintiff has shown.

The only testimony of title, other than his tax deed, which the defendant offered was his own, and it was this: "Q. How did you get in possession? A. The sheriff went and put me in possession. Q. He put you in possession? A. Yes, sir. Q. Who was there at the time the sheriff put you in possession? A. My brother. Q. Was any one in possession of the land claiming to own it? A. Yes, sir; Moses Rivers was there. Q. Did he say that that was the land that he was living on? A. Yes, sir. Q. Did he say that he was the party that owned it? A. He *claimed* it. Q. He claimed that he owned it? A. Yes, sir. Q. That is the piece of land that he claims that he owned that the sheriff sold you? A. Yes, sir. Q. What year was that? A. 1908."

Moses Rivers had lived on the land only "two or three years" before the tax sale.

His declaration at the sale that he "claimed" the land (if competent) against thirty years' possession by plaintiff's grantors immediately before the sale cannot support a verdict for the defendant.

The entire testimony does not nearly warrant a reasonable inference that the land was Rivers'; it does prove that it was the plaintiff's.

A verdict ought to have been directed for the plaintiff.

The judgment below is reversed.


MR. CHIEF JUSTICE GARY, *dissenting.* Section 426, Civil Code Laws, 1902, which was of force when the transaction herein arose, provides, that in all cases of tax sales, the sheriff's deed of conveyance shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular and all requirements of the law have been duly complied with. We desire to call special attention to the provision, that the sheriff's deed shall

be held and taken, as *prima facie* evidence of a good title in the holder.

There was testimony tending to show that Moses Rivers, Jr., did not enter upon the land as a trespasser, but by permission of the plaintiff, and that he was in possession when it was sold by the sheriff, and had been for several years prior to such sale. If Moses Rivers, Jr., was in possession of the land, at the time of the sale, then this raised a presumption that he was the owner. "Possession alone is sufficient to raise the presumption, that such possession is rightful, and it is incumbent on those, who allege that it is unlawful, to establish that fact." *Langston* v. *Cothran,* 78 S. C. 23, 58 S. E. 989; *Investment Co.* v. *Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 30 L. R. A. (N. S.) 243n; *Cathcart* v. *Matthews,* 91 S. C. 464, 74 S. E. 985, 31 A. and E. Ann. Cas., 1914a, 36.

A presumption continues throughout the trial, and whether it has been overcome by other testimony, presents a question of fact to be determined by the jury, and not a question of law, to be decided by the Court. *Mack* v. *Ry.,* 52 S. C. 323, 29 S. E. 905, 40 L. R. A. 679; *Ritter* v. *Ry.,* 83 S. C. 313, 65 S. E. 175; *Griffith* v. *Ry.,* 82 S. C. 252, 64 S. E. 222; *Williford* v. *Ry.,* 85 S. C. 301, 67 S. E. 302; *McKittrick* v. *Traction Co.,* 88 S. C. 91; 70 S. E. 414.

Moses Rivers, Jr., paid taxes on the land in 1906, and this tended to show that he claimed it as his own. *Langston* v. *Cothran,* 78 S. C. 23, 58 S. E. 956.

When the defendant was asked upon cross-examination, "Did Gallishaw (the plaintiff) ask you to give it up?" he answered, "No, sir, he wanted to buy it," which tended to prove the plaintiff recognized that the defendant was the owner of the land.

If his Honor, the presiding Judge, had undertaken to solve these presumptions, and decide the weight to be given to said testimony, he would have invaded the province of the jury.

For these reasons I dissent.