### SMITH v. SOUTHERN RAILWAY.

1. CHARGE.—Where a Judge reads a statute in his charge containing the word "or," it is not reversible error if later on, in stating the substance of it in a general way, he uses "and" where "or" is used in the statute.

2. NEGLIGENCE—RAILROADS.—The failure of a railroad to ring the bell or sound the whistle in the manner provided by statute, is negligence *per se.*

3. IBID.—GROSS NEGLIGENCE sufficiently defined in the charge.

4. IBID.—CHARGE—RAILROADS.—Refusal to charge that the obstruction of the track by standing cars did not lessen the caution required of plaintiff, sustained under the facts in this case.

Before GARY, J., Pickens, March, 1897. Affirmed.

Action by Wm. S. Smith *v.* Southern Railway Company. The Judge charged the jury upon gross negligence as follows:

If he was not wilfully and grossly negligent and careless,

and contributed thereby to that damage, then I charge you that the law says that the railroad company is liable *per se*. (Court reads Rev. Stat., 1692.) Now, what is gross negligence? Negligence, ordinarily, is the want of due and proper care, such as a man of ordinary prudence and reason and forethought would exercise to avoid danger. In determining whether or not the plaintiff is guilty of negligence, you are to take into consideration all of the circumstances. What were his opportunities to observe the danger? If it was such that a person of ordinary prudence and foresight could have observed the approach of that train, the company would not be liable; but if it was such that a man of ordinary prudence and foresight could not have observed the approach of that train, then the railroad company would be liable for such damage as he has sustained to his property or to his person, as you think he is entitled to within the amount he sues for.

From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran*, for appellant, cites: *Judge should have said "gross" or "wilful," not "gross" and "wilful:"* 49 Am. Dec., 246. *Should have charged that failure to give signals contributed to injury:* 47 S. C., 375; 21 S. C., 470. *View being obstructed by standing cars, imposes on plaintiff higher degree of diligence:* 8 Brad., 571; 47 Mich., 401; 70 N. Y., 119.

*Messrs. J. P. Carey* and *J. A. McCullough*, contra, cite: *Railroad is liable, per se upon failure to give the signals:* 47 S. C., 375, 105. *When charge covers point in request, it is not error to refuse it:* 48 S. C., 195. *Request would have taken from the jury the question of gross or wilful negligence:* 47 S. C., 382; 41 S. C., 19. *Request defective, because it ignored the statutory provision as to contributory negligence:* 47 S. C., 382; 41 S. C., 19. *Plaintiff's negligence was for jury:* 34 N. Y., 622; 35 N. Y., 75; 71 N. Y., 285; 15 Am. Rep., 633; 70 N. Y., 119; 23 S. C., 537; 39

S. C., 514. *More care is required of the party placing the obstruction:* 8 Fed. Rep., 729; 35 N. Y., 75–9; 56 N. Y., 538.

Aug. 6, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiff sued here for $1,950, on account of personal injury received by himself at a street crossing in Liberty, S. C., by reason of a collision with a train belonging to the defendant, operated on the Atlanta and Charlotte Air Line Railway. The cause came on to be heard by his Honor, Judge Ernest Gary, and a jury. Verdict for plaintiff for $500. After judgment, defendant appealed. At the trial and before it commenced, plaintiff admitted that his action was brought under our statutes requiring a railway company to signal the opproach of its train by bell or whistle. Revised Statutes, sections 1685, 1692.

The first exception imputes error to the Circuit Judge, in that he charged the jury: "If he (the plaintiff) was not wilfully and grossly negligent and careless, and contributed thereby to that damage, then I charge you that the law says that the railroad company is liable *per se.*" We have examined the Judge's charge with care, and find that he was careful to point out both sections 1685 and 1692 of the Revised Statutes by reading such sections to the jury. It is true, these sections do hold the railroad company liable for injuries occasioned by its trains running across public highways, and failing to ring the bell or sound the whistle, "unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was at the time of the collision guilty of gross *or* wilful negligence, was acting in violation of law, and that such gross *or* wilful negligence or unlawful act contributed to the injury" (the italics are ours). This Court has frequently declared the rule to be, that when a Judge has once laid down the law correctly, he will not be held to a stern responsibility, if he fails thereafter to charge requests embodying the law which he has already charged. It seems to us that it will not be reversible error,

if a Judge has read the statute itself in the presence of the jury, and should thereafter, in commenting upon the law, drop the disjunctive conjunction "or," using instead the copulative conjunction "and," unless he was doing more than running over the statutory *proviso.* If, however, the Circuit Judge was subjecting the language employed in the statute to a critical analysis, whereby and wherein it became important that the difference in meaning and effect between the words "and" and "or" should be carefully noticed, then, in such an instance, it would be error; but, as in the case at bar, and under its surrounding facts, for the Circuit Judge to ignore this distinction, if error at all, is harmless error. We must, therefore, overrule this exception, so far as this alleged error is concerned. Nor do we see that there was any reversible error in the fact that the trial Judge stated, if the plaintiff had not been grossly or wilfully careless, and contributed to that damage, "Then I charge you that the law says that the railroad company is liable *per se.*" If the *proviso* to such section relating to the person injured cannot be established, it does follow that the railroad is liable *per se,* for that statute expressly so provides. We do not mean in that exact language, but inevitably the same result as that described by the words *per se.* In *Hankinson* v. *R. R.,* 41 S. C., 1, where the present Chief Justice was discussing the duty of the trial Judge to give to the jury instructions as to the meaning of the terms negligence and contributory negligence, here the Chief Justice was careful to state: "Of course, exceptions to this general rule may be and have been established by statute; as, for example, that the failure of a railroad company to ring the bell or blow the whistle within a prescribed distance before the train reached a crossing of any public highway, &c., shall of itself constitute sufficient proof of negligence." And the rule laid down in *Hankinson* v. *R. R., supra,* has been recognized in the more recent case of *Strother* v. *R. R.,* 47 S. C., 375, where Mr. Justice Gary says: "The failure on the part of the defend-

ant's (railroad company) servants to ring the bell or sound the whistle in the manner provided by statute, was negligence *per se.*" So we find no error in this exception.

Next we will notice the appellant's second exception, where he alleges that the Circuit Judge erred in not charging his request: "That if the jury find from the evidence that the defendant company neglected to give the statutory signals as the train approached the crossing in question, the plaintiff is not entitled to recover, if he failed to exercise slight care in avoiding the collision." It is true, as stated by appellant, that gross negligence is equivalent to the absence of slight care. But the trial Judge no doubt thought that it was safer not to confuse the jury with nice metaphysical distinctions; he had already explained the language used in the statute, which was "gross negligence," in his charge to the jury, and, therefore, his refusal to charge in the language presented in the request was not error.

The last ground of appeal alleges error in the Circuit Judge by his refusal to charge as follows: "The fact that the view of the track may have been obstructed by other cars left standing on the side track, does not lessen the caution required by a person attempting to cross, but imposes upon him the duty of exercising a higher degree of diligence." If the proof offered tended to show that there were cars on a side track near the crossing, then the Judge ought not to have made this charge, for he would thereby have assumed that such testimony was true. If no such testimony existed in this case, then he was right in refusing to charge abstract propositions of law.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.