### BOWEN v. SOUTHERN RY. CO.

1. CHARGE.—Using "and" for "or" in charging effect of statute, after
   correctly reading it, is not prejudicial error.
2. PLEADINGS—NEGLIGENCE—CONSTRUCTION OF STATUTES.—Under 22
   Stat., 693, a plaintiff may submit to the jury more than one act of
   negligence under one cause of action.

3. APPEAL.—Where a party intends to use mistake of trial Judge in stating issues raised by the pleadings as a ground of appeal, his attention must be called to it at the time.

4. RAILROADS—NEGLIGENCE—SIGNALS.—It is negligence *per se* for a railroad to fail to comply with statutory requirements as to signals at crossings.

5. NEGLIGENCE.—CONTRIBUTORY NEGLIGENCE is such as is a direct and proximate cause of an injury.

6. IBID.—GROSS NEGLIGENCE.—Request containing definition of gross negligence approved, but modification thereof held not prejudicial error, because too favorable to appellant.

7. IBID.—JURIES.—It is the duty of the Judge to instruct jury what negligence is, and of the jury to say if it exists in a particular case.

8. IBID.—GROSS NEGLIGENCE.—Modification of request as to gross negligence held not prejudicial to appellant.

9. CHARGE.—Request objectionable, (1) it contains charge on fact; (2) it takes away from plaintiff right to recover unless guilty of gross negligence.

Before GARY, J., Pickens, October, 1899.   Affirmed.

Action for damages for personal injury by G. W. Bowen against Southern Railway Co.   From Circuit judgment, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Gross negligence of plaintiff need not be the proximate cause of the injury:* 47 S. C., 115.

*Messrs. Morgan & Blassingame,* contra, .cite: *As to method of construing charge:* 41 S. C., 454; 54 S. C., 91. *As to using "and" for "or" in charge:* 53 S. C., 124; 54 S. C., 499; 57 S. C., 325. *It is negligence per se to fail to give the signals:* 41 S. C., 19; 47 S. C., 381; 51 S. C., 302; 52 S. C., 445; 53 S. C., 124. *As to negligence of plaintiff:* 39 S. C., 516. *What is negligence?* 29 S. C., 322; 91 U. S., 494; 41 S. C., 454. *Jury decides if it exists:* 53 S. C., 301; 54 S. C., 509. *As to application of gross negligence to plaintiff:* 50 S. C., 52; 91 Am. Dec., 681. *Judge cannot charge jury what facts constitute gross negligence:* 29 S. C., 316.

July 16, 1900.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  The record contains the following statement of facts : "Action for damges to person and property, $1,950, alleged to have been sustained by G. W. Bowen, plaintiff, in a collision with defendant's train at a highway crossing, on November 2d, 1898, near Easley, in Pickens County.  The action is brought under the statute requiring certain signals to be given by railroad companies as their trains approach a crossing; the negligence alleged being a failure on the defendant's part to observe said requirements. The defendant answered, denying the said injury and pleading contributory negligence.  The cause was tried before Judge Ernest Gary and a jury at Pickens, on October 26th, 1899.  The jury rendered a verdict in favor of the plaintiff for $1,925.  Upon motion for a new trial, the Circuit Judge granted an order allowing a new trial unless the plaintiff within ten days remitted all of said verdict in excess of $1,200.  The plaintiff duly remitted said excess and entered up judgment for $1,200 and costs.  Within ten days after the rising of the Court, the defendant gave notice of intention to appeal, and within due time served the exceptions."

The first exception is as follows: "The presiding Judge charged the jury as follows: 'But if it (railroad company) did conform to the statute as to blowing the whistle and ringing the bell, then they would not be liable, *if there was no want of ordinary care.*'  Such charge being erroneous in the following particulars: (a)  In imposing upon the defendant the duty of *both* blowing the whistle *and* ringing the bell; whereas the statute exculpates it if *either* signal is given.  (b)  This action was brought under the statute (Revised Statutes, secs. 1685, 1692), and the only negligence alleged was the failure to give the statutory signals.  The plaintiff was not entitled to recover upon proof of any other negligence.  The Judge's charge required the defendant to disprove the negligence allowed, and to show, also, that it was guilty of no other act of negligence, or allowed the plaintiff to recover upon some act of negli-

gence not alleged." We will first consider subdivision (a). The presiding Judge read to the jury the section of the Rev. Stat. mentioned in the exception. In the case of *Smith* v. *Railway Co.,* 53 S. C., 121, the Court uses this language: "This Court has frequently declared the rule to be that when a Judge has once laid down the law correctly, he will not be .held to a stern responsibility, if he fails thereafter to charge requests embodying the law which he has already charged. It seems to us that it will not be reversible error, if a Judge has read the statute itself in the presence of the jury, and should thereafter, in commenting upon the law, drop the disjunctive conjunction 'or,' using instead the copulative conjunction 'and,' unless he was doing more than running over the statutory *proviso.* If, however, the Circuit Judge was subjecting the language employed in the statute to a critical analysis, whereby and wherein it became important that the difference in meaning and effect between the word 'and' and 'or' should be carefully noted, then in such instance, it would be error; but, as in the case at bar, and under its surrounding facts, for the Circuit Judge to ignore this distinction, if error at all, is harmless error." This ruling shows that said subdivision cannot be sustained.

Subdivision (b) will next be considered. The defendant's negligence is thus alleged in paragraph 3 of the complaint: "3. That the defendant by its servants, agents and employees having in their care, control and management a certain locomotive engine and train of cars thereto attached, forming train No. 11, and south bound, carelessly, negligently and wrongfully failed to sound the whistle of said locomotive, or ring the bell thereon, as was required by the law of the said State, appearing as section 1685 of the Revised Statutes in 1893 of said State, and caused the said locomotive and train of cars to approach the plaintiff without warning and unexpectedly to him, and at a rapid and high rate of speed, while he was attempting to go over said crossing as aforesaid, and without his fault, caused said locomotive to strike him, severely cutting and

15—58

bruising various parts of his body, causing great suffering and pain and permanently injuring him." The acts of negligence alleged are: 1st. Failure to comply with the statutory requirements as to signals. 2d. "Causing the said locomotive and train of cars to approach the plaintiff, without warning and unexpectedly to him and at a rapid and high rate of speed." The plaintiff under the act of 1898, 22 Stat., 693, entitled "An act to regulate the practice in the Courts of this State in actions *ex delicto* for damages," had the right to submit to the jury both acts of alleged negligence.

The second exception is as follows: "The presiding Judge charged the jury as follows: 'If the railroad did not conform to the statute in blowing the whistle and ringing the bell, then the law says that it is liable.' Such charge being erroneous in the following particulars: (a) In imposing upon the defendant the duty of both blowing the whistle *and* ringing the bell; whereas, the statute exculpates it if either signal is given. (b) The statute does not impose an absolute liability upon the defendant for a failure to comply with the requirements as to signals, but such liability attaches only under these circumstances: (1). An injury to person or property by collision with the train must have occurred. (2) The collision must have taken place at a highway crossing. (3) The neglect to give the signals must have contributed to the injury. (4) The injured must not have been guilty of gross negligence contributing to the injury." Subdivision (a) is disposed of by what was said in considering the first exception.

We will next consider subdivision (b). This exception sets out only a portion of the sentence in which the presiding Judge charged the jury as therein stated. He also read the statute as explanatory of his words. The charge must be considered in its entirety, and, when thus considered, it will be seen that subdivision (b) cannot be sustained.

The third exception is as follows: "The presiding Judge charged the jury as follows: 'The defendant railroad com-

pany says that he (the plaintiff) has not been injured; and if he has been injured, it was through his own carelessness *in not observing the train,* and that they were not at fault because they did not ring the bell or blow the whistle.' The defendant contended that the plaintiff was guilty of contributory negligence under all the circumstances detailed, in driving upon the track in an empty wagon, between two other empty wagons making a great deal of noise, without looking out for the train; that the signals were given and the plaintiff must have heard them, but recklessly drove upon the track in attempting to cross in front of an approaching train. It was error, therefore, to limit the plaintiff's negligence as the Circuit Judge did to his *'carelessness in not observing the train.'* " The foregoing words were used by the Circuit Judge in stating the issues made by the pleadings, and if he made a mistake, it was the duty of the defendant to call his attention to the mistake, if it intended to rely upon it as a ground of appeal. *Westbury* v. *Simmons,* 57 S. C., 467.

The fourth exception is as follows: "The presiding Judge charged the jury as follows: 'If the railroad company failed to blow the whistle or ring the bell in accordance with the requirements, that would be negligence on the part of the railroad company, and as a result of that negligence it came into collision with the defendant (plaintiff) and injured him, the railroad would be liable, and should compensate him for such damages as he has sustained, unless he was negligent in being upon the railroad track.' Error is imputed for the following reasons: (a) The statute makes the railroad company liable only in case it omits both the signals required; this charge makes it liable for failure to give either signal. (b) Said portion of the Judge's remarks is a charge upon the facts and a statement of the testimony, in violation of the Constitution. (c) It limits the contributory negligence of the plaintiff to his negligence 'in being upon the track.' " Subdivision (a) has already been dis-

posed of. The case of Smith *v.* Railway Co., hereinabove mentioned, shows that subdivision (b) cannot be sustained, as it is negligence *per se* to fail to comply with the said statutory requirements.

We will next consider subdivision (c). The acts of contributory negligence relied upon by the defendant are not specified in the answer. The proposition of law embodied in the charge was sound. If the defendant desired a more comprehensive charge, it could have accomplished it by presenting requests to that effect.

The fifth exception is as follows: "The presiding Judge erred in refusing to charge the defendant's second request, which was as follows: 'It may have been possible that the disaster would have occurred even if there had been no gross negligence on the part of the plaintiff, and yet if there was such negligence on his part and it contributed to the disaster, the plaintiff cannot recover.' Said request contains a correct proposition of law, and was intended to convey the idea that the gross negligence of the plaintiff need not be the proximate cause of the disaster; but that if it contributed in any way to it, the plaintiff could not recover." When the law speaks of an act of negligence as contributory to an injury, it means as a direct and proximate cause thereof. Contributory negligence is thus defined in 7 Enc. (2d ed.), 371: "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury, as a proximate cause thereof, without which the injury would not have occurred." This definition is approved in *Cooper v. Ry. Co.,* 56 S. C., 91. Subdivision (b) must, therefore, be overruled.

The sixth exception is as follows: "The defendant's third request to charge was as follows: 'Gross negligence is equivalent to the absence of slight care. If, therefore, at the time of the collision the plaintiff did not exercise slight care to avoid the collision, and such negligence contributed

to the disaster, the plaintiff cannot recover.' The presiding Judge modified it as follows: 'I charge you that, with this qualification: If the failure to exercise ordinary care (existed), and that failure amounted to gross negligence, then he could not recover, and negligence is a question of fact for you.' Error is imputed to such modification for the following reasons: (a) The request states a correct principle of law, applicable to the case, and defendant was entitled to have the jury so instructed. (b) The presiding Judge substituted ordinary for slight care, which totally changed the meaning of the request. (c) The modification was erroneous and confusing, for it is impossible that the failure to exercise ordinary care can ever constitute gross negligence. (d) Negligence is not a question of fact for the jury, but a mixed question of law and fact. (e) The rule stated in (d) did not prevent the presiding Judge from charging said request." The request contained a sound proposition of law, and should have been charged without modification; but the defendant has no ground of complaint by reason of the modification, as it was too favorable to it. After the presiding Judge had defined negligence, it was not reversible error to tell the jury that negligence was a fact for them. It is the duty of the presiding Judge to instruct the jury as to what constitutes negligence, and it is the duty of the jury to decide whether it exists in a particular case.

The seventh exception is as follows: "The defendant's fourth request to charge was as follows: 'If the plaintiff, at the time of the alleged collision, did not exercise that kind of care which even the careless and indifferent would be expected to exercise under the circumstances, and such want of care contributed to the disaster, he cannot recover a verdict.' The presiding Judge modified it as follows: 'I charge you that, with this qualification: That if that care which a careless or indifferent person would be expected under ordinary circumstances to observe would amount to gross negligence, then he cannot recover.' Error

is imputed to such modification, for the following reasons:
(a) In omitting the words 'in want of,' immediately preced-
ing the words 'that care,' in the second sentence in said mod-
ification.    (b) The requests state a correct principle of law
applicable to the case, which the defendant was entitled to
have submitted to the jury.    (c) Defendant was entitled to
the charge that the absence of that care which even the care-
less and indifferent would be expected to exercise under the
circumstances, as matter of law, amounted to gross negli-
gence; and it was error to submit that question to the jury."
We proceed to consideration of subdivision (a).    The lan-
guage of the Circuit Judge, modifying the request, shows
upon its face that words were accidentally omitted.    It,
however, appears that the only modification intended was to
substitute the word "ordinary" in the place of the word
·"the" immediately preceding the word "circumstances."
Even conceding that the request was free from error, the
modification was not prejudicial to the defendant, and en-
abled the jury more clearly to comprehend the proposition
of law embodied in the request.    As the Circuit Judge
only modified the request in the particular hereinbefore men-
tioned, he did not submit to the jury whether the absence of
that care which even the careless would be expected to exer-
cise, amounted to gross negligence.    When the charge is
considered as a whole, it will be seen that it was not errone-
ous in the particular just mentioned.

. The eighth exception is as follows: "The seventh request
of defendant was as follows: 'If the jury believe from the
evidence that the plaintiff, by the exercise of ordinary pru-
dence and foresight, could have observed the·ap-
proach of the train, then he cannot recover, and their
verdict must be for the defendant.'    No reference is
made in the charge to said request, and it is submitted that
the presiding Judge erred in not charging said request."
This request was obnoxious to the law in two particulars:
1st. It contains a charge upon the facts; and 2d. It deprived
the plaintiff of the right he had to recover damages unless

he was guilty of gross negligence, as provided by the statute
hereinbefore mentioned.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed.