### 7276

### DYSON v. SOUTHERN RY.

Negligence—Railroads—Ordinances—Issues—Proximate Cause.—The violation of a valid ordinance regulating the speed of trains within the municipality, resulting in injury to another, is negligence as matter of law, but issue of proximate cause is for jury.

*Brasington* v. *Ry.,* 62 S. C., 334, *distinguished from this case.*

Mr. Justice Gary *dissents.*

Before Gage, J., Richland, October term, 1908. Affirmed.

Action by Thos. J. Dyson against Southern Railway. From judgment for plaintiff, defendant appeals on following exceptions:

1. "Excepts because his Honor erred in refusing defendant's motion for a nonsuit as to the cause of action for punitive or exemplary damages, made on the ground that there was no evidence introduced to warrant any such damages in this case.

2. "Excepts because his Honor erred in refusing to grant the motion to direct a verdict in favor of the defendant, upon the ground: 'That the undisputed evidence showing that plaintiff, after crossing over two sidetracks and before reaching the main line of defendant, had an unobstructed view of the approaching train, if he had looked, for a distance sufficient to have seen the train and kept off the main line and prevented the accident, I charge you as a matter of law, the plaintiff failed to exercise the care required of him, and he can not recover in this action.'

3. "Excepts because his Honor erred in charging the jury as follows: 'The third act of negligence charges that the railroad failed to give signals. You heard the ordinances of the city of Columbia read. The ordinance prohibits the blowing of the whistle in the corporate limits. But I submit to you: Did they ring the bell? You heard the testimony. Was the bell rung so as to give notice to a man approaching along the highway that the train was coming? If it was not, the law makes that an act of negligence, and if it caused the injury or helped to cause the injury, one of the proximate causes of the injury, the railroad is liable. I submit that simple and plain issue to you: Was the bell rung? You heard the testimony. If it was not rung it convicts the railroad of negligence, and if that negligence was one of the proximate causes of the injury the railroad is liable. If it did ring, then that charge in the complaint goes out.' The error being that such charge eliminated the defense of contributory negligence as well as the defense under Section 2139 of the Code, to wit: That if plaintiff was guilty of gross or wilful negligence con-

tributing to the injury he can not recover, even if there was
a failure to give the statutory signal.

4. "Excepts because has Honor erred in charging the jury
as follows: 'How fast was that train running when that
man was hit? If over four miles an hour, it was negli-
gence, and if that caused him to be hit, the railroad is
liable.' The error being: (1) If said train was running
over four miles an hour it was simply evidence tending to
show negligence; (2) That such charge eliminated the
defense of contributory negligence as well as the defense
under section 2139 of the Code, to wit: That if plaintiff
was guilty of gross or wilful negligence contributing to the
injury he can not recover, even if there was a failure to
give the statutory signal.

5. "Excepts because his Honor erred in charging the
jury as follows: 'I had some doubt, and still have doubt,
whether it was my duty to submit wilfulness to you or not;
but in view of the testimony of the old gentleman who
talked so much, and the testimony of the engineer and the
testimony of Mr. Chisolm, I have concluded to submit
whether or not this thing, if done by the railroad, was it
done wilfully? There is no expression from the mouth of
the railroad from which you can infer wilfulness, but I
submit to you whether you can infer from its conduct
whether it was wilful, under the circumstances which
brought about this transaction. The testimony must
satisfy you that it was wilful. The proof must show you
that it was wilful. You can not infer this unless the proof
shows it. If it was wilful, you are entitled to punish the
railroad for wilfulness. Now, put that down and say how
much.' The error being: (1) There was no evidence to
warrant punitive damages; (2) It was a charge upon the
facts in violation of article V, section 26, of the Constitu-
tion of this State and prejudicial when his Honor referred
directly to certain witnesses and their testimony.

6. "Excepts because his Honor erred in not granting a new trial herein upon the first ground submitted by defendant, to wit: '(1) That there is but one inference to be drawn from all the evidence as to the duty on the part of plaintiff, to wit: that he did not look for any approaching train and failed to use the care required by the law, which failure caused or contributed as a proximate cause to his injuries.'

7. "Excepts because his Honor erred in not granting a new trial herein upon the second ground submitted by defendant, to wit: '(2) That there was no evidence of negligence or wilfulness shown on the part of defendant which was a proximate cause of the plaintiff's alleged injuries.'

8. "Excepts because his Honor erred in not granting a new trial herein upon the third ground submitted by defendant, to wit: '(3) That the undisputed evidence shows that plaintiff was guilty of gross negligence which was a proximate cause of his injuries, and he can not therefore recover in this action.' "

*Mr. E. M. Thomson,* for appellant, cites: *Traveler must take due care:* 63 S. C., 218; 67 S. C., 367; 72 S. C., 392; 58 S. C., 491. *Plaintiff was guilty of gross negligence:* 63 S. C., 271; 138 Fed. R., 638; 95 U. S., 697; 77 S. C., 328; 81 S. C., 11, 196; 78 S. C., 374.

*Messrs. DePass & DePass,* contra.    No citations.

August 12, 1909.    The opinion of the Court was delivered by

Mr. Chief Justice Jones.    We think the judgment should be affirmed, as we prefer to follow the line of cases which hold that the violation of a valid statute or ordinance resulting in injury to another is negligence as matter of law.    29 Cyc., 436; 21 Ency. Law, 478; 23 Ency. Law, 759.

It is settled in this State that the violation of the statute as to signals at railroad crossings is negligence as matter of law. *Hankinson* v. *Ry.,* 41 S. C., 19, 19 S. E., 206; *Strother* v. *Ry.,* 47 S. C., 381, 25 S. E., 272; *Smith* v. *Ry.,* 53 S. C., 124, 30 S. E., 697; *Bowen* v. *Ry.,* 58 S. C., 228, 36 S. E., 590; *Davis* v. *Ry.,* 63 S. C., 391, 41 S. E., 892.

The same rule was practically applied to *Boggero* v. *Ry.,* 64, 117, with reference to an ordinance regulating the speed of trains within city limits. There is no good reason for having one rule with reference to statutes and another with reference to an ordinance having the force of a statute within the municipality. Among the cases supporting the foregoing view see *Correll* v. *R. R. Co.* (Iowa), 18 Am. Rep., 22; *Central* v. *Ry. Co.* (Ga.), 36 S. E. Rep., 300; *Louisville etc. R. R. Co.* v. *Davis* (Ind.), 33 N. E. Rep., 454.

The case of *Brasington* v. *Ry.,* 62 S. C., 334, 40 S. E., 665, is not to the contrary, since it is manifest that the appellant in that case could not complain of a charge that the violation of an ordinance "is a circumstance from which negligence may be inferred," since under any view such a charge was as favorable as appellant could claim. Moreover, in that case the ordinance was not the foundation of the cause of action as in this case.

The case of *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S., 434, 36 L. Ed., 485, is really authority for the view we take, as in that case the Court approved a charge made in this language: "If you find from the evidence in this case that the railroad train which killed Elijah Smith was moving at a rate of speed forbidden by the city ordinance * * * *the law authorizes you to infer negligence* on the part of the railroad company *as one of the facts established by the proof.*" We have italicized the words above to show that the charge can not bear the meaning that the violation of an ordinance is only *prima facie* evidence of negligence.

In the case at bar the Court left it to the jury to determine whether the violation of the ordinance was the proximate cause of the injury.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Justice Gary, *dissenting.* This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant.

The complaint alleges, that on the 15th of November, 1905, the plaintiff was going down Taylor street, in Columbia, S. C., when, upon reaching the corner of Taylor and Pulaski streets, where defendant's main line and other tracks pass, he found Taylor street blocked by defendant's freight cars; that in order to proceed on his way, he was compelled to pass through an aperture about ten feet wide; that in crossing said main line on Taylor street he was struck by the engine of a passenger train and injured. "That said occurrence was caused by the negligent, wilful, wanton and malicious conduct of the defendant in that: (a) their first two tracks were blocked with freight cars, obscuring the view of an approaching train on the main line; (b) in that defendant did not have a watchman or flagman to give warning of danger, nor did they warn this plaintiff of the danger of crossing said main line; (c) in that the defendant failed to sound the whistle or ring the bell for this crossing, in accordance with the statute so made and provided; (d) in that defendant was running its train at a reckless and unlawful rate of speed in the city limits."

The defendant denied the allegations of negligence and wilfulness, and set up as a defense "that plaintiff was guilty of negligence and recklessness in attempting to cross the track, immediately in front of an approaching train, without looking out for such train, or taking any care to avoid a collision therewith; and that such gross negligence and

recklessness on his part contributed as a proximate cause to the injury received by him."

At the conclusion of all the testimony, the defendant made a motion for the direction of a verdict, which was refused.

The jury rendered a verdict in favor of the plaintiff for $500, whereupon the defendant appealed upon exception, which will be incorporated in the report of the case.

First exception: This exception can not be sustained, for the reason that there was testimony tending to prove the allegations of the complaint.

Second exception: As just stated, there was testimony tending to sustain the allegations of the complaint, and, conceding that there was negligence on the part of the plaintiff, the question as to proximate cause of the injury was properly submitted to the jury.

Third exception: In the case of *Harbert* v. *Ry.*, 78 S. C., 537, 550, 59 S. E., 644, the Court had under consideration a similar question, and disposed of it in these words: "The proposition which the appellant contends should have been charged, is distinct from that which was charged, and should have been presented in a separate request by the appellant. Moreover, the charge embodied a sound proposition of law."

Practically the error assigned by the foregoing exception is not that there was error in the proposition charged, but that there should have been a further charge, explanatory of the proposition, with reference to the defences mentioned in the exception. The case of *Harbert* v. *Ry.*, 78 S. C., 537, 59 S. E., 64, is conclusive of this question.

Fourth exception, Subdivision (1): The authorities are in irreconcilable conflict, as to the question whether the violation of a town ordinance, regulating the rate of speed, is evidence *per se* of negligence.

It is true, it has been ruled in this State that the failure to comply with the statutory requirements, as to the ringing

of the bell or blowing the whistle within five hundred yards of a crossing, is negligence *per se*. *Hankinson* v. *Ry.*, 41 S. C., 1, 19 S. E., 206; *Strother* v. *Ry.*, 47 S. C., 375, 25 S. E., 272; *Smith* v. *Ry.*, 53 S. C., 121, 30 S. E., 697; *Bowen* v. *Ry.*, 58 S. C., 222, 36 S. E., 590; *Davis* v. *Ry.*, 63 S. C., 370, 41 S. E., 892.

But in that case the railroad, by the erection of blow-posts at the proper distance from the crossing, can comply, accurately, with the statutory requirements, while in the case of an ordinance regulating the speed of trains there is no exact standard by which the railroad can know that it is not exceeding, even in the smallest degree, the prescribed rate of speed. Therefore, the running of a train in a town, where there is an ordinance regulating the rate of speed, must necessarily be attended with uncertainty, unless the speed is so slow as to consume time unnecessarily, and be a constant annoyance to the traveling public.

The violation of such ordinance is not *per se* evidence of negligence, but is a circumstance to be considered by the jury in determining this question. This assignment of error is sustained.

Fourth exception, Subdivision (2) : This question is disposed of by what was said in considering the third exception.

Fifth exception: Subdivision (1) has already been disposed of; and the appellant has failed to make it appear in what respect the error assigned in Subdivision (2) was prejudicial to its rights.

Sixth exception: The question presented by this exception has already been disposed of, and the same may be said of the seventh and eight exceptions:

For these reasons I dissent.