### 8070

BUTLER v. SOUTHERN RAILWAY—CAROLINA DIVISION.

RAILROADS — ORDINANCES — CONTRIBUTORY NEGLIGENCE — ISSUES — CROSSINGS.—Failure to comply with a city ordinance providing that trains should not be run faster than four miles an hour within the city limits and that a man should precede an engine while crossing a street or lane with certain signals is negligence *per se*—and even if a man at a street crossing, trying to get his horse off the track, is guilty of negligence and is injured, whether the negligence of the railroad company or of the deceased was the proximate cause of the injury should have been sent to the jury.

Before GARY, J., Charleston, April term, 1911. Reversed.

Action by George F. Butler, as administrator of Jeremiah F. Butler, against Southern Railway—Carolina Division. Plaintiff appeals.

*Messrs. Logan & Grace,* for appellant.    Oral argument.

*Messrs. B. L. Abney* and *Jos. W. Barnwell,* contra, cite: . *Office of signals is to give notice of approach of trains:* 34 S. C. 45; 81 S. C. 193. *Nonsuit may be granted in actions involving contributory negligence:* 77 S. C. 328; 78 S. C. 374; 81 S. C. 193, 100; 82 S. C. 542; 85 S. C. 106; 88 S. C. 15. *The crossing law:* 75 S. C. 308; 78 S. C. 374.

December 29, 1911.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages, alleged to have been sustained, through the negligence and recklessness of the defendant, in causing the death of plaintiff's intestate.

The allegations of the complaint, material to the consideration of the questions involved, are as follows:

"That on or about the 12th day of December, 1909, plaintiff's intestate, Jeremiah F. Butler, was on the public crossing and travelled place, and place where the public and people generally have been accustomed to pass and repass, for more than twenty years last past, at the intersection of Russell street, and Grove street, two of the public streets of the city of Charleston, and was endeavoring to drive off from the track of said defendant railway corporation, which crosses said public crossing and travelled place, and place where the public and people generally have been accustomed to pass and repass, for more than twenty years last past, at the intersection of said Russell and Grove streets, a horse which was the property of said Jeremiah F. Butler; and while so engaged, his attention being occupied in his efforts to control the horse, and prevent him from being run down and killed by any train of said defendant corporation, being in open and plain view of an approaching locomotive and tender from the north for a quarter of a mile, or more, a

locomotive with a tender attached, run, managed and oper-
ated by said defendant corporation, its agents and servants,
without any signal or warning whatsoever, running at a
rapid and reckless rate of speed, through the public streets
of the city of Charleston; and without having a man with a
white flag in advance of said engine, to display said flag as
such train approached Grove street, one of the public streets
of the city of Charleston, in violation of section 726 of the
city ordinances of the city of Charleston, came upon the said
plaintiff, who was not aware of its approach, on account of
his being so engaged in endeavoring to get the horse off of
said track, and so terribly injured him that he immediately
died."

The defendant denied the allegation of negligence and
recklessness; admitted that it did not have a man with a flag
in advance of the engine, as it approached the place where
plaintiff's intestate was killed, and interposed the defense
of contributory negligence.

At the close of the plaintiff's testimony, the defendant's
attorney made a motion for a nonsuit, on the following
grounds:

"That even conceding that Russell street was a public
street, and, therefore, required the ringing of the bell or
blowing of the whistle, there is no evidence on the part of
the plaintiff to go to the jury, on account of the fact that
his death was caused by his own negligence, by his want of
slight care, and under those circumstances he was guilty of
contributory negligence, even supposing that the statutory
signals were not given.   Supposing that to be true, even
conceding that then he himself was guilty of gross negli-
gence; that is to say, the absence of slight care, and, there-
fore, the proximate cause of his death was not the failure
to ring the bell or blow the whistle, and even if the train
was or was not going at a high rate of speed, the proximate
cause of his death was his own negligence in entering on the

track, and that applies to all the causes of action stated in the complaint.".

The motion was granted and the plaintiff appealed upon the ground, that the testimony was susceptible of more than one inference, and that his Honor, the presiding Judge, therefore, erred in ruling, that the negligence of the plaintiff, was the proximate cause of the injury.

For the purpose of this appeal, it must be regarded as conceded, that the place where the injury occurred was a public street, or crossing, which required the defendant to ring its bell or blow its whistle in the manner provided by statute, and that there was a failure to comply with this statutory requirement; also, that the train was running at a high rate of speed. Section 726 of the revised ordinances of the city of Charleston, mentioned in the complaint, is as follows:

"It shall be unlawful for any railroad train to run at a speed exceeding four (4) miles an hour within the limits of the city of Charleston, south of a line drawn from the Cooper River through Shepard street to the Ashley River, except in territory not intersected by streets, and it shall be the duty of every railroad company, whose tracks run within the city limits (street railways not included) to have at the crossings of every lane, street or alley, except those not used by the public, across which its tracks may run, a man with a white flag during the daytime and a man with a red light during the nighttime, in advance of the engine or train, whose duty it shall be to display said flag or light, whenever a train may be approaching such streets, lanes or alleys."

There was testimony tending to show, that the engine was running about ten miles an hour. There was no positive testimony to the effect, that the plaintiff's intestate knew, that the engine was approaching. There was testimony tending to show, that in attempting to drive his horse from the track, plaintiff's intestate stumbled and fell.

It cannot be successfully contended, that the ordinance requiring that a man should display a flag, in advance of the engine, was merely intended to give notice of the approaching train. It was intended to subserve all useful purposes, rendered necessary for the prevention of injuries at the place therein mentioned. It may reasonably be supposed that one of the objects was to clear the track of all obstacles; and, the failure to comply with this requirement of the ordinance, rendered said place more dangerous.

A failure to comply with the requirements of the ordinance that a train should not exceed four miles an hour, or the requirement that a man should display a flag in advance of the train, was negligence *per se*.

In the case of *Dyson* v. *Ry.*, 83 S. C. 354, 65 S. E. 344, it was held, that the violation of an ordinance, regulating the rate of speed of trains within the municipal limits, resulting in injury to another, is negligence as matter of law.

In the case of *Lindler* v. *Ry.*, 84 S. C. 336, 66 S. E. 995, the Court ruled, that the violation of a municipal ordinance by leaving an engine standing on a street crossing, is negligence *per se*. The same principle was announced in *Rowe* v. *Ry.*, 85 S. C. 23.

It was held in *Craig* v. *Ry.*, 89 S. C. 161, that it is the duty of a railway company, to keep a lookout for persons and pedestrians on its track at a highway crossing.

It will thus be seen, that there was testimony tending to show negligence on the part of the defendant, and even conceding that there was negligence also, on the part of plaintiff's intestate, the question, whether the negligence of the defendant or that of plaintiff's intestate, was the proximate cause of the injury, should have been submitted to the jury.

Judgment reversed and new trial granted.

MR. JUSTICE WOODS *concurs in the result.*

MR. JUSTICE HYDRICK *did not sit in this case.*