### 8073

#### WHALEY v. OSTENDORFF.

Negligence—Ordinances.—Running an automobile on the streets of a city faster than prescribed by the ordinances is negligence *per se*— but such negligence is not actionable unless it is the proximate cause of an injury.

Before Watts, J., Charleston, November, 1910. Reversed.

Action by George Thomas Whaley against Eugene F. Ostendorff and John H. Doscher, Jr. Plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: *The violation of a city ordinance in running an automobile is negligence per se:* 83 S. C. 454; 84 S. C. 539; 85 S. C. 25; 59 S. C. 434.

*Messrs. Mitchell & Smith,* contra, cite: *Plaintiff is confined to acts of negligence alleged:* 76 S. C. 561. *If there be*

*no evidence to which an instruction can apply, it is not harmful:* 74 S. C. 103; 72 S. C. 355; 75 S. C. 312; 72 S. C. 162; 70 S. C. 315; 69 S. C. 387. *Opinion evidence must yield to facts:* Huddy on Auto. 156; 44 At. R. 964; 82 N. Y. Supp. 485; 78 S. C. 472. *Nonsuit may be granted for contributory negligence:* 78 S. C. 374; 77 S. C. 328. *Error in stating issues is not reversible, unless the Court's attention is called to it:* 75 S. C. 560; 74 S. C. 102; 76 S. C. 1; 63 S. C. 520; 70 S. C. 148. *If jury were not misled by whole charge it was not error:* 87 S. C. 169; 75 S. C. 560. *If party desires terms particularly defined he must present request therefor:* 76 S. C. 382; 74 S. C. 319. *Automobiles should be dealt with on the highways as other vehicles:* Huddy on Auto. 29, 113; 65 At. 778; 110 N. Y. Supp. 1040; 87 S. C. 144. *Particular principle of law must be requested:* 86 S. C. 64; 69 S. C. 555. *There was no evidence of wantonness:* 73 S. C. 520. *Granting a new trial is discretionary with the trial Judge:* 75 S. C. 180.

December 29, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, through the negligence and reckless misconduct of the defendants, in running an automobile, whereby the plaintiff was injured, while he was upon the crossing of two of the public streets in the city of Charleston.

The complaint alleges, that at the time the plaintiff was struck by the said automobile, it was being driven at a greater rate of speed than ten miles an hour, in violation of an ordinance of the city of Charleston, prohibiting the running of automobiles, at a greater rate of speed than ten miles an hour, along the streets of Charleston, and four miles an hour, where said streets cross each other.

The jury rendered a verdict in favor of the defendants, and the plaintiff appealed.

The exceptions assign error on the part of his Honor, the presiding Judge, in charging the jury, that "to violate a city ordinance regulating the running of an automobile, is in itself *prima facie* evidence of negligence, it is not conclusive, it is only *prima facie.*"

The charge was not in accord with the doctrine announced in *Dyson* v. *Ry.,* 83 S. C. 354, 65 S. E. 344; *Lindler* v. *Ry.,* 84 S. C. 336, 66 S. E. 995, and *Butler* v. *Ry., infra* 273. When evidence of negligence is only *prima facie,* it is subject to rebuttal, but when there is negligence *per se,* it is conclusive of that question. The fact that there is negligence *per se,* does not, however, tend to show, that such negligence is actionable. The question whether negligence is actionable, depends upon the further question, whether such negligence was the direct and proximate cause of the injury.

The exceptions raising this question are sustained.

Under this view of the case it will not be necessary to consider the other exceptions.

Judgment reversed and new trial granted.