## 9013 .

### KELLY v. COLUMBIA RY., GAS & ELECTRIC CO.

#### (84 S. E. 423.)

STREET RAILWAYS. NEGLIGENCE. CHARGE.

1. TRIAL—INSTRUCTION ON FACTS.—In an action for the wrongful killing of plaintiff's intestate, whether or not defendant's operation of its street car over a switch at a greater rate of speed than four miles an hour, in violation of its own rule, was negligence, was an issue for the jury, so that instruction that it was negligence *per se* was erroneous as an instruction on the facts.

2. STREET RAILROADS—NEGLIGENCE—VIOLATION OF SPEED ORDINANCE.—A street railroad's violation of an ordinance, fixing a rate of speed over switches, is negligence *per se*.

Before PRINCE, J., Columbia, March, 1914.    Reversed.

Action by Maggie E. Kelly, as administratrix of the estate of Robert L. Kelly, deceased, against the Columbia Railway, Gas & Electric Company.    Judgment for plaintiff, and defendant appeals.

*Messrs. Elliott & Herbert,* for appellant, submit: *It was error to charge that a breach of the master's rules by servant was negligence, per se:* 85 S. C. 455.

*Messrs. Spigner, Cobb & Verner,* for respondent, submit: *Violation of company's rules was negligence, per se:* 96 S. C. 228; 82 S. C. 542; 85 S. C. 471; 89 S. C. 527; 90 S. C. 42; 89 S. C. 15; Labatt, Master and Servant, sec. 365; 68 S. C. 55; 46 S. E. 525; 73 S. C. 481; 53 S. E. 639; 95 S. C. 370; 10 A. & E. Ann. Cas. 151, and notes; 1 L. R. A. 364; 92 S. C. 72; 88 S. C. 7; 90 S. C. 308.

March 1, 1915.
The opinion of the Court was delivered by MR. JUSTICE WATTS.

FOOTNOTE.—As to violation by servant of rule adopted by railway company for the protection of the public, as evidence of negligence toward a member of the public, see note in 8 L. R. A. (N. S.) 1063.

This was an action by the plaintiff against the defendant for $25,000 damages, actual and punitive, for the alleged wanton, reckless, negligent, and wrongful killing of her son, and, after issue joined, the cause was tried before his Honor, Judge Prince, and a jury, at the March term of the Court for Richland county and resulted in a verdict for the plaintiff in the sum of $7,000. The defendant appeals and asks reversal upon nine exceptions.

The sixth exception is: In charging the jury that, if the defendant operated its car over a switch at a greater rate of speed than four miles an hour, it was guilty of negligence *per se*. The error being that such a charge was an instruction on the facts, since it took from the jury the issue of whether or not such a rate of speed over a switch was negligence, and it instructed them that a breach of the company's rules by the servants of the company is negligence *per se*.

This exception must be sustained. His Honor, in the settlement of the case for appeal, establishes the fact that he did so charge. In justice to his Honor he was under the impression that the city ordinance of the city of Columbia prohibited the running of cars at a greater rate of speed than four miles an hour; whereas, it was a rule of the company. Mr. Verner called his attention to the mistake, and no doubt his Honor intended, and would have corrected, his mistake, but his mind was evidently diverted at this time.

His Honor would have been correct in his statement as to its being negligence *per se* had the ordinance of the city been violated. *Dyson* v. *Railway*, 83 S. C. 354, 65 S. E. 344; *Lindler* v. *Railway*, 84 S. C. 536, 66 S. E. 995; *Whaley* v. *Ostendorff*, 90 S. C. 282, 73 S. E. 186.

But inasmuch as it was only a rule of the company, it was competent evidence to go to the jury as evidence of negligence and to be considered by them for what it was worth.

In the case of *Stone* v. *Railway*, 96 S. C. 228, 80 S. E. 433, it was held that a breach of rules by a servant of the company, made for his protection, would prevent a recovery under the facts disclosed in that case, and it follows that any violation of rules by representative of the master, or by master, would be competent to submit to the jury for their consideration as evidence of negligence, but it would not be negligence *per se.* His Honor was in error in charging as he did, as complained of in this exception, and as there must be a reversal of judgment, and new trial granted, it is unnecessary to consider the other exceptions.

Judgment reversed, and new trial granted.