## 11350

### CRAWFORD v. CHARLESTON-ISLE OF PALMS TRACTION CO.

#### (120 S. E., 381)

1. STREET RAILROADS — NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE HELD FOR JURY.—Evidence that plaintiff, a lad 13 years of age, was struck by a street car running 25 to 30 miles an hour in violation of an ordinance, while standing on defendant's car tracks facing the sidewalk, at a point in plain view of the approaching motorman for a distance of several hundred feet, and the motorman wore heavy glasses and had a bad reputation for carelessness, *held* to authorize submission to the jury of the issues of negligence and contributory negligence.

2. STREET RAILROADS—MOTORMAN MUST WARN PEDESTRIAN.—Generally It is the motorman's duty, on seeing a pedestrian on or dangerously near the track, to give a warning of the car's approach.

3. STREET RAILROADS—VIOLATION OF ORDINANCE NEGLIGENCE PER SE.— A violation of an ordinance by a motorman, resulting in injuries to a pedestrian, constitutes negligence *per se.*

4. NEGLIGENCE—CHILD BETWEEN 7 AND 14 PRESUMED INCAPABLE OF CONTRIBUTORY NEGLIGENCE.—There is a *prima facie* presumption that an infant between the ages of 7 and 14 is incapable of committing contributory negligence.

---

NOTE: On the question as to operation of street car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence, see note in 8 L. R. A. (N. S.) 1093.

On age of children at which doctrine of contributory negligence may be applied, see note in L. R. A. 1917F, 42 *et seq.*

5. STREET RAILROADS—DEFENDANT HAS BURDEN OF ESTABLISHING CON-
TRIBUTORY NEGLIGENCE.—In an action for injuries to a 13 year old
boy, struck by a street car, the burden of establishing the affirm-
ative defense of contributory negligence, which involves a rebuttal
of the presumption of plaintiff's incapacity, rests upon defendant.

6. NEW TRIAL—MOTION ON GROUND OF EXCESSIVE VERDICT ADDRESSED
TO TRIAL JUDGE'S DISCRETION.—In an action for personal injuries
a motion for a new trial on the ground that the verdict was ex-
cessive is addressed to the sound discretion of the trial Judge.

7. TRIAL—OBJECTION TO INSTRUCTION REQUIRING PROOF "TO YOUR SAT-
ISFACTION" HELD HYPERCRITICAL.—In an action by a pedestrian, in-
jured by a street car, an objection to an instruction that if de-
fendant has proved "to your satisfaction" that plaintiff's negligence
was the proximate cause of the injury, plaintiff cannot recover,
held hypercritical, in view of another instruction that defendant
must prove contributory negligence by the greater weight of the
evidence.

8. JURY—EXCLUDING EMPLOYEES OF DEFENDANT'S MORTGAGEE HELD
PROPER.—Excluding from the jury panel employees of a corpora-
tion holding mortgages on property of defendant corporation, held
proper.

9. JURY—EXCLUDING PROSPECTIVE JURORS MATTER WITHIN DISCRE-
TION OF CIRCUIT JUDGE.—Excluding from the jury panel prospective
jurors, on account of an apprehension of unfairness, held wholly
within the discretion of the Circuit Judge.

10. EVIDENCE—REMARKS OF ONE NOT AT SCENE OF ACCIDENT NOT AD-
MISSIBLE UNDER THEORY OF RES GESTAE.—In an actian against a
street railway company for injuries to a 13 year old boy, defend-
ant's evidence as to remarks made a few minutes after the acci-
dent by plaintiff's father, who was not at the scene of the accident,
is not admissible under the theory of res gestae.

Before RICE, J., Charleston, January, 1923.   Affirmed.

Action by Samuel L. Crawford, Jr., by guardian *ad
litem,* against The Charleston-Isle of Palms Traction Co.
Judgment for plaintiff and defendant appeals.

*Messrs. Hagood, Rivers & Young,* for appellant, cite:
*No evidence of negligence:* 98 S. C., 492.   *Crossing acci-
dents:* 94 S. C., 492; 78 S. C., 374; 113 S. E., 279; 270
Fed., 132; 87 S. C., 176.   *Burden of proof as to contrib-
utory negligence incorrectly stated:* 71 S. C., 58.   *Im-*

*proper exclusion of jurors:* 78 S. C., 539. *Remarks of father to plaintiff a few minutes after the accident admissible:* 67 S. C., 347; 82 S. C., 71; 68 S. C., 304; 47 S. C., 13; 86 S. C., 98; 75 S. C., 189.

*Messrs. Thos. P. Stoney, J. D. E. Meyer* and *A. R. Mc-Gowan,* for respondent, cite: *Violation of ordinance is negligence per se:* 100 S. C., 113. *Duty to infants:* 52 S. C., 323; 93 S. C., 329. *Evidence to take case to jury:* 100 S. C., 113; 83 S. C., 354; 84 S. C., 356; 90 S. C., 282; 118 S. E., 531. *Jury best judge of facts:* 120 S. C., 7. *Infant between seven and fourteen presumed to be incapable of negligence:* 87 S. C., 457; 76 S. C., 547; 95 S. C., 9. *Amount of verdict is for the trial Judge alone to correct:* 84 S. C., 155; 113 S. E., 382. *Correct charge on contributory negligence:* 61 S. C., 486. *Qualification of jurors largely in discretion of trial Judge:* 76 S. C., 539; 32 S. C., 45; 95 S. C., 455; 113 S. C., 508. *Res gestae:* 67 S. C., 361; 104 S. C., 215; 100 S. C., 388.

December 4, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for damages on account of personal injuries sustained by plaintiff in a collision with a street car operated by the defendant company in the Town of Mount Pleasant. From a judgment for the plaintiff in the sum of $9,500, the defendant appeals.

Appellant's first contention (Exceptions 1 to 6, inclusive), is that the trial Court committed error of law in refusing defendant's motions for a nonsuit and for a directed verdict, based upon the ground (1) that there was no evidence tending to establish actionable negligence on the part of the defendant; and (2) that the evidence was open to no other reasonable inference than that the plaintiff was guilty of contributory negligence.

There was evidence tending to establish that the plaintiff, a lad 13 years of age, was struck in the daytime by a street car while standing on defendant's car track in one of the streets of Mt. Pleasant, at a point in plain view of the approaching motorman for a distance of several hundred feet; that the plaintiff was standing sideways to the approaching street car, facing the sidewalk, where there were some colored boys with "wagons," who had tried to fight him, and that he did not see the car; that the ordinance of the town limited the speed of cars at this point to 15 miles per hour, and required motormen to give "due notice" to foot passengers, to the end that collisions be avoided; that the car was running 25 to 30 miles per hour; that no signal of the car's approach was heard by the injured boy and by another witness, who was in position to hear such signal, if given; that when brakes were applied the car was within 10 feet of the boy; that the motorman wore heavy glasses and bore a bad reputation for recklessness and carelessness.

As a general rule, it is the duty of the motorman of a street car, upon seeing a pedestrian on the track or dangerously near to it, to give warning of the approach of the car by sounding a gong or bell.    25 R. C. L., 1243, § 107.    The town ordinance reinforced that duty by legislative mandate, and in addition limited the speed of cars to 15 miles per hour.    In that the evidence tended to establish a violation of the ordinance, there was evidence of conduct which constituted negligence *per se.    Dyson v. Railway,* 83 S. C., 354; 65 S. E., 344.    *Lindler v. Railway,* 84 S. C., 536; 66 S. E., 995.    *Whaley v. Ostendorff,* 90 S. C., 282; 73 S. E., 186.    *Kelly v. Railway, G. & E. Co.,* 100 S. C., 113; 84 S. E., 423.    If the other evidential facts were susceptible of an inference that such negligence was the proximate cause of the injury, then a case of actionable negligence was made out, and the issue was for the jury. *Whaley v. Ostendorff, supra.*    That the facts in the case

at bar were reasonably open to the inference that the failure to give adequate warning of the approach of the car, considered in connection with the excessive speed of operation, was the proximate cause of the injury, we think is too clear to require argument. The motions for nonsuit and for directed verdict could not, therefore, have been properly granted for failure of proof of actionable negligence.

Neither could the motions have been properly 4, 5 granted upon the ground that contributory negligence was established as a matter of law. Under the well-established rule in this State there is a *prima facie* presumption that an infant between the ages of 7 and 14 is incapable of committing contributory negligence. *Tucker v. Buffalo Mills,* 76 S. C., 539; 57 S. E., 626; 121 Am. St. Rep., 957. *Goodwin v. Columbia Mills,* 80 S. C., 349; 61 S. E., 390. *Cumming v. Lawrence,* 87 S. C., 457; 69 S. E., 1090, and cases therein cited. *Dodd v. Railway Co.,* 95 S. C., 9; 78 S. E., 525. The burden of establishing the affirmative defense of contributory negligence, which involved a rebuttal of the presumption of the plaintiff's incapacity, rested upon the defendant. Apparently the only evidence relied upon to rebut the presumption of incapacity was the testimony of the infant plaintiff himself and his appearance and demeanor on the stand. Whether the presumption of incapacity was overcome, and, if so, whether under all the facts and circumstances in evidence the plaintiff was guilty of negligence, which was a contributing proximate cause of the injury, made an issue which was clearly for the jury; and the trial Judge committed no error in so ruling.

Appellant's second point (Exception 7), is directed 6 to assignment of error in the refusal of the Circuit Judge to grant a new trial on the ground that the verdict was excessive. The moving ground was one addressed to the sound discretion of the trial Judge, and the record affords no basis for attributing to him an abuse of

that discretion.    *Southerland v. Davis* (S. C.) 115 S. E., 768.

The third contention (Exception 8), is that the Circuit Judge, after charging that the burden was on the defendant to prove that the plaintiff, under the age of 14 years, "was capable of contributory negligence," erred in using this language:

"If they have proved that *to your satisfaction,* and his negligence was the proximate cause of the injury, then \* \* \* he cannot recover," etc.

It is argued that the effect of the expression "to your satisfaction," as thus used, was to impose upon defendant the burden of proving facts to the satisfaction of the jury, when the law requires no more than that they be established by the preponderance of the evidence.    We think the objection is patently hypercritical.    The weight of the evidence is for the jury, and all facts found by them must of necessity be established to their "satisfaction."    The language used was immediately preceded by a clear instruction to the effect that "the defendant, setting up contributory negligence against this boy, must show it to you by the greater weight of the evidence," etc., and in no view does it appear that the jury could have been misled to the defendant's prejudice.

The appellant's fourth contention, Tenth Exception is that the presiding Judge erred in excluding from the panel two jurors who were employees of the Consolidated Railway & Lighting Company of Charleston, S. C., on the ground that the Consolidated Company held mortgages over the property of the defendant company, and that because of the mortgages the two companies were practically one.    The ruling is challenged upon the theory that the Judge's action was predicated upon the erroneous view that the jurors were legally disqualified, and upon the further ground that the Court's action tended to identify the defendant with a larger and stronger corporation to

the defendant's prejudice. It does not appear that the Judge held that the jurors' connection with the mortgagee corporation amounted to a legal disqualification. If so, it would be no sufficient ground for impeaching his conclusion, since the matter for decision was wholly within the discretionary power of the Circuit Judge, if there were any circumstances which, in his judgment, would afford reasonable ground for apprehension of unfairness or bias. There was ample evidential basis of the Court's ruling, and the assignment of error cannot be sustained. *Tucker v. Buffalo Cotton Mills,* 76 S. C., 539; 57 S. E., 626; 121 Am. St. Rep., 957. *State v. Faries* (S. C.) 118 S. E., 620.

The only remaining contention (Eleventh Exception), is that reversible error was committed in excluding testimony offered by defendant as to remarks made to the plaintiff by his father a few minutes after the accident. The defendant's witness, Hartman, was asked what was said by the plaintiff's father, who was not at the scene of the accident, and could have seen nothing of the manner of its occurrence, when the injured boy was brought to the father's residence, some distance away from the point of collision, about three minutes after the boy was hurt. The contention is that the father's remarks were admissible as a part of the *res gestae.* Conceding that the circumstances of their utterance were such as to indicate the requisite degree of spontaneity, how such declarations of a stranger to the transaction which was the subject of the investigation in progress could have constituted a part of the *res gestae* is not apparent. The *res gestae* or transactions here in question were the collision and the conditions under which it actually occurred. While, as has been said by Chief Justice Beasley (*Hunter v. State,* 40 N. J. Law, 536), "there are few problems * * in the law of evidence more unsolved than what things are to be embraced in those occurrences that are designated in the law as the *res gestae,*" it would seem clear that where a declaration is sought to be

introduced as a part of the *res gestae* (1) the fact so declared must be judicially relevant to the issue joined; and (2) "the declarant must appear to have had *an opportunity to observe personally* the matter of which he speaks." *Wigmore* (1st Ed.), § 1751. See *Goza v. Southern Railway,* 67 S. C., 361; 45 S. E., 810. *Chero-Cola Bottling Co. v. Light and Power Co.,* 104 S. C., 215; 88 S. E., 534. Obviously, it would seem, declarations of a third person, absent from the scene of the occurrence under investigation, with no competent testimonial knowledge of the main fact, viz., the collision and the manner of its happening, could scarcely form such a relevant part of the *res gestae,* "Calculated to unfold the nature and quality of the main fact," as would entitle such declarations to admission under the principle here invoked by appellant. It is to be observed in this connection that the nature of the proposed testimony does not appear, and the question of its admissibility under any other principle of the law the evidence is not here involved. In excluding the testimony offered, we think the ruling of the learned Circuit Judge was correct.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.